16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Joseph L. DAVIS, Plaintiff-Appellant,
v.
Terry DELANEY, et al., Defendants-Appellees.
 No. 92-2402.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1993.*
Decided Jan. 10, 1994.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 In 1989 Joseph L. Davis was convicted of drug and currency offenses. We affirmed. United States v. Jackson, 935 F.2d 832 (7th Cir.1991). From his prison cell Davis has commenced this Bivens action, contending that prosecutors, law enforcement agents, and witnesses conspired against him. The district court granted summary judgment to the defendants on the ground of official immunity. Davis's brief in this court discusses only a subset of the claims made in the district court; we take them up in the same order as his brief.
 
 
 2
 1. Davis seeks damages from Elizabeth Day on the ground that she gave false testimony at trial and conspired with the prosecutors to do so. Trial testimony cannot support civil liability. Briscoe v. Lahue, 460 U.S. 325 (1983). A charge of "conspiracy" adds nothing, because the normal steps of preparing and presenting testimony in court also are covered by immunity. Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2613-14 (1993). Whatever assistance the state and federal agents provided is not protected by absolute immunity, but the existence of qualified immunity is clear under Rakovich v. Wade, 850 F.2d 1180, 1200, 1214 (7th Cir.1988) (en banc), because Davis has not established that the defendants violated any of his "clearly established" rights. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Anderson v. Creighton, 483 U.S. 635, 640 (1987). Indeed, Davis does not even mention the immunity hurdle when discussing this aspect of his claims.
 
 
 3
 2. According to Davis, the investigation and trial were illegal, and a source of civil liability, because not supported by probable cause. His brief states: "The main issue here is that the defendants did not have probable cause to arrest appellant on the violations they charge him with". He adds that the grand jury's indictment also was not supported by probable cause. Because Davis is not complaining about evidence seized or statements taken at the time of the arrest, this line of attack goes to the existence of the prosecution itself. Yet prosecutors are immune from civil liability for instituting prosecutions. Buckley, 113 S.Ct. at 2613-14; Burns v. Reed, 111 S.Ct. 1934 (1991); Imbler v. Pachtman, 424 U.S. 409 (1976). Related claims, such as the observation that Assistant United States Attorney Porter "visited Lowell Gray, a potential witness on behalf of appellant Davis, and told Gray that he wanted him to be a witness for the prosecutor" do not state any cognizable claim. No defendant may insulate a potential witness from an interview by the prosecutor or control who the prosecutor will call at trial.
 
 
 4
 Moreover, the jury's guilty verdict establishes all of the cause necessary--a fact reflected in the common law rule that the loser of a lawsuit may not contend that the adversary lacked adequate cause to prosecute the litigation. Although the defendants do not formally invoke issue preclusion (collateral estoppel), they observe that their affidavits describing the foundation of the prosecution and conviction stand unrebutted. Our opinion affirming the conviction on the merits narrates the evidence against Davis. This was more than enough to defeat any civil claim founded on a supposed lack of probable cause to prosecute the criminal case.
 
 
 5
 Davis's brief does not discuss the claim, made in the district court, that the prosecutor "intimidated" a potential defense witness. This contention, resolved adversely to Davis on direct appeal, see 935 F.2d at 846-47, has been abandoned.
 
 
 6
 3. District Judge Beatty both presided at the criminal trial and entered judgment in the civil case. Davis believes that he was entitled to a new judge. He is wrong. Davis does not present any reason to suppose that Judge Beatty harbored any actual animus against him, and no rule provides for a change of judge as of course. The Southern District of Illinois had only two active and two senior judges at the time Davis filed this suit; litigants who come before the court repeatedly must expect to find the same judge sitting there.
 
 
 7
 4. Among the defendants is David Fahrenkamp, who represented Davis at trial. Davis accused Fahrenkamp of conspiring with the prosecutors to frame him. After entering and then vacating a default judgment (Fahrenkamp had not been properly served with process), the district court granted judgment in Fahrenkamp's favor on the ground that he is not a governmental actor. See Polk County v. Dodson, 454 U.S. 312 (1981). Davis believes that the ubiquitous allegation of "conspiracy" justifies common treatment of public and private actors. See Tower v. Glover, 467 U.S. 914 (1984); Dennis v. Sparks, 449 U.S. 24, 27-28 & n. 4 (1980). If so, then Fahrenkamp is entitled to the same success as the governmental defendants. But of course it is one thing to allege "conspiracy" and another to have evidence supporting the charge. Fahrenkamp supplied evidence that, if true, shows that he did not conspire with the prosecutors. Davis produced no evidence in reply, so Fahrenkamp was entitled to judgment on the ground that he remained a private actor.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a), Circuit Rule 34(f). No such statement has been filed, so the appeal is submitted for decision on the briefs and record