**Billy Ray WEBB, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47483.**

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

Tom A. Boardman, Dallas, for appellant.

Henry Wade, Dist. Atty., James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

McCLOUD, Commissioner.

This is an appeal from a conviction for murder with malice where punishment was assessed at twenty (20) years.

The sufficiency of the evidence is not challenged.

■ In his first ground of error appellant contends the State was permitted to improperly impeach its own witness. Appellant argues that the trial court permitted the State to impeach its witness, Denise Proctor, without first showing surprise and that the witness had stated facts injurious to the State.

The witness, Denise Proctor, was a fifteen year old girl who testified for the State on direct examination that she saw the appellant go to the kitchen and leave the house. She stated that when appellant returned to the house she saw a bloody kitchen knife lying in the sink. The trial court declared the witness to be hostile when she failed to verify, in answer to a question by the State's attorney, that she had told the State's attorney on the day before the trial and also told the police on May 22, 1972, that when appellant came back into the house he pointed to her and said if anybody found out about this, he would know who told. After the trial court declared that the witness could be treated as a hostile witness, the State's attorney propounded to the witness a leading question inquiring if she had not told him the day before the trial and also the police

on May 22, 1972, that appellant told her that if anyone found out, he would know who told. The witness answered "yes", at which point she was passed for cross-examination. Later, appellant's attorney introduced Denise Proctor's written statement given to the police on May 22, 1972, where she stated that appellant had told her and a companion that if anyone found out, he would know who told. On cross-examination by appellant's attorney, the witness testified that what she said in the statement regarding what the appellant said to her was true. She also testified that she and appellant were friends.

The cases of Perkins v. State, 433 S.W. 2d 712 (Tex.Cr.App.1968), and Wall v. State, 417 S.W.2d 59 (Tex.Cr.App.1967), relied upon by appellant are distinguishable. In each of those cases the witness was in fact impeached by the introduction into evidence of prior contradictory statements. Also, the record disclosed that the prosecuting attorney in each case knew beforehand that the testimony of the witnesses would contradict prior statements. Here, the State did not introduce the prior written statement of the witness. Furthermore, when the witness was reminded of her former statement, she acknowledged that she had made such statement. After being reminded of her former statement, she at no time denied making the prior statement to the State's attorney and the police.

In Holbert v. State, 457 S.W.2d 286 (Tex.Cr.App.1970) a witness would not verify certain facts which the State's attorney asserted the witness had related to him during conversations about the case. The trial court ruled the witness was hostile and permitted the State's attorney to ask the witness leading questions. This Court said:

"It is within the sound discretion of the trial court to permit the counsel for the state on direct examination to ask leading questions to a hostile witness or to

refresh a witness's memory. 62 Tex. Jur.2d Witnesses, Sec. 148 and 150; 1 Branch's 2d Ann.P.C. Sec. 180 and 182, p. 188."

See also: Cherb v. State, 472 S.W.2d 273 (Tex.Cr.App.1971).

In Holbert the State's attorney properly showed surprise outside the presence of the jury before the trial court declared the witness to be hostile. This was not done in the present case. The witness, however, admitted that she had told the State's attorney on the day before the trial and the police on May 22, 1972, that appellant had told her if anyone found out, he would know who told. Here, surprise was not shown before the witness was declared to be hostile, but surprise was shown by the testimony of the witness after she was declared a hostile witness. In a similar case this Court in Cherb v. State, supra, said:

"The purpose of the rule requiring a showing of surprise is to prevent a party from calling a witness whom the party knows will testify adversely and then, under the guise of impeachment or cross-examination, present before the jury the testimony which the party would have hoped to elicit from the adverse witness. Young v. United States, 97 F.2d 200, 205 (5th Cir. 1938).

While the proper procedure is to show surprise before the impeachment or cross-examination, nevertheless, in the instant case, the purpose of the rule was served. The State showed by the witness' own testimony, that she had told the district attorney otherwise, and that she had changed her mind as to the truth of her former statement the night before. There was nothing to indicate that the State expected the witness to testify adversely. Therefore, any error in permitting the interrogation to proceed as it did was harmless."

Appellant's first ground of error is overruled.

Appellant complains next of improper jury argument. The record reveals that no objection was made at the time of the argument. Nothing is presented for review. Joines v. State, 482 S.W.2d 205 (Tex.Cr.App.1972).

In his last ground of error appellant argues that the trial court improperly admonished the witness, Denise Proctor, regarding the consequences of her failing to tell the truth. No objection was made to the court's remarks. The fifteen year old witness had just denied the truthfulness of a prior statement. The court admonished her that she could be prosecuted for not telling the truth. The witness then continued to testify. The case of Webb v. Texas, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed. 2d 330, relied upon by appellant is distinguishable. There, the judge not only engaged in a lengthy admonishment on the danger of perjury, but went further and as pointed out by the Court:

> "the judge implied that he expected Mills to lie, and went on to assure him that if he lied, he would be prosecuted and probably convicted for perjury, that the sentence for that conviction would be added on to his present sentence, and that the result would be to impair his chances for parole."

Also, it should be noted that in Webb an objection was made following the admonishment by the court and after the trial judge's remarks the witness refused to testify. The Supreme Court noted that the witness came to court to testify in behalf of the defendant and refused to do so only after the judge's lengthy and "intimidating" warning which strongly suggested that the judge's comments caused the witness to refuse to testify. In the instant case the admonition was short, not intimidating, and the witness continued to testify. There is no reversible error shown.

We have considered all grounds of error and all are overruled. The judgment of the trial court is affirmed.

Opinion approved by the Court.