11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Mark
Allen Hayden

Appellant

Vs.                   No. 11-03-00069-CR -- Appeal from Brown County

State
of Texas 

Appellee

 

Mark Allen Hayden appeals his conviction by a jury
of the offense of robbery.  The jury
assessed his punishment at 30 years in the Texas Department of Criminal
Justice, Institutional Division. 
Appellant presents 11 issues in connection with this appeal. We affirm. 

Appellant contends in issue one that the trial
court erred when it denied his motion for instructed verdict at the close of
the State=s
evidence; while in issue two, he urges that the evidence is factually
insufficient to support his conviction. 
A challenge to the trial court=s
ruling on a motion for instructed verdict is in actuality a challenge to the
sufficiency of the evidence to support the conviction.  Cook v. State, 858 S.W.2d 467, 470
(Tex.Cr.App.1993).

In a legal sufficiency review, we view all of the
evidence in the light most favorable to the verdict and then determine whether
a rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.  See Jackson v. Virginia, 443 U.S. 307
(1979).  In a factual sufficiency review,
we view all of the evidence in a neutral light, and we will set the verdict
aside only if the evidence is so weak that the verdict is clearly wrong and
manifestly unjust or if the contrary evidence is so strong that the standard of
proof beyond a reasonable doubt could not have been met.  See Zuniga v. State, 144 S.W.3d 477
(Tex.Cr.App.2004).








A person commits robbery if, in the course of
committing theft as defined in TEX. PEN. CODE ANN. ch.
31 (Vernon 2003 & Supp. 2004 - 2005) and with intent to obtain or maintain
control of the property, he or she intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death.  TEX. PEN. CODE ANN. '
29.02(a)(2) (Vernon 2003).  Appellant
argues that the evidence is insufficient to show that he threatened or placed
another in fear of imminent bodily injury.

Ben Jeremiah Stembridge
testified that he was working at a Brown County convenience store when a woman
came in the store and asked if she could take beer out to the car, put gas in
the car, and then come in and pay for it. 
Stembridge=s
testimony is that these events happened on June 25, 2001, between 8:00 and 9:00
p.m.  He said that she came in twice
within seconds.  He related that, when he
refused to let her take the beer without an AI.D.,@ she asked him if he wanted her to get
her Aold man@ to come in.

Stembridge testified
that shortly thereafter appellant came in. 
He indicated that appellant had a cap on; was wearing no shirt; had a Ahigh level@
of tattoos located on his chest, back, and stomach; was wearing shorts; and was
unshaven.  Stembridge
identified a store video that showed tattoos on appellant=s chest, stomach, and arms.  He related that appellant asked him if he
were Aplaying
his woman.@  He said that at that point he felt threatened
and was getting nervous and a little scared. Stembridge
indicated that appellant went back to where the beer was kept and got a
case.  Stembridge
said appellant told him, while making a gesture pointing at him, that, if he
called the police, he would Acome
back and f--k me up.@  He stated that appellant told him that they
were going to take the beer and gas and not to call the cops.  Stembridge insisted
that the threat was related to appellant=s
taking the beer.  Stembridge
said that he took it as a threat; that he believed him; and that he was
thinking of calling the cops, which scared him a little, and shook him up.  He acknowledged that he was trained not to
fight with appellant or not to physically try to keep him from taking the beer.  He said he thought that, if he tried to keep
appellant from taking the beer, he might get attacked and that appellant might
be able to hurt him.

We must determine if the accused=s words and conduct were sufficient to
place a reasonable person in the victim=s
circumstances in fear of imminent bodily injury.  Welch v. State, 880 S.W.2d 225, 226 (Tex.App. - Austin 1994, no pet=n).  The evidence may be sufficient even if there
is no evidence that the defendant was armed or expressly threatened the
victim.  Id. at 227.  We hold that appellant=s
appearance, words, and gesture, as set forth herein, were sufficient to place a
reasonable person in Stembridge=s circumstance in fear of imminent
bodily injury.








Appellant urges that the evidence is insufficient
because it was a conditional threat B
that he merely committed the offense of theft coupled with a threat of harm in
the event that the theft were reported. 
He primarily relies upon the cases of Devine v. State, 786 S.W.2d
268, 270 (Tex.Cr.App. 1989), and Blount v. State,
542 S.W.2d 164, 166 (Tex.Cr.App.1976). 
We find both of those cases to be distinguishable.  

In Devine, the victim=s ex-wife continually threatened death
or injury to him unless he gave her money. 
Devine v. State, supra at 269. 
The victim gave her money for a time; but when she demanded $2,500, he
refused and went to the police.  Id.  After police wired him with a microphone, the
victim met the defendant in a restaurant, where she was arrested after he gave
her some marked money.  Id.  The defendant told the victim at the
restaurant that she had almost had him killed the day before but that she had
canceled the plan when he agreed to show up with the money.  Id. 
The court held that threatening to kill the victim at some time in the
future if he had refused to hand over the money was not sufficient to show a
threat of bodily injury or death to be inflicted imminently.  Id. at 270-71.

In Devine, the evidence reflected that the
victim was giving the money to the defendant because of her prior threats of
future harm and in order to make a criminal case against her, not because of
any words or conduct on her part at their meeting constituting a threat of
imminent bodily injury.  In the case at
bar, appellant, who was bigger than Stembridge, was
about two feet from him.  Appellant
appeared agitated.  Appellant=s appearance, language, and gesture,
coupled with his threat of future harm while he was taking out the beer, were
sufficient to place a reasonable person in fear of imminent bodily injury.  Id. at 270.  








In Blount, the court held that the evidence
of a threat of future harm made after a rape was insufficient to support the
charge of aggravated rape because it did not show that the rape was compelled
by the threat of death, serious bodily injury, or kidnaping
to be imminently inflicted on anyone, where no weapon was used and where the
only threat of serious bodily injury was made after the rape, was conditioned
on the victim going to the police, and related to some indefinite time in the
future.  Blount v. State, supra at
166; see also Bright v. State, 585 S.W.2d 739, 742
(Tex.Cr.App.1979).  As in Blount,
no weapon was used in the case at bar; and the threat related to an indefinite
time in the future, conditioned on the victim contacting the police.  However, in the case at bar, appellant=s threats of future harm, coupled with
his appearance, language, and gesture, were made at the time he was taking the
beer without paying for it.  We believe
that a jury could determine that a reasonable person in Stembridge=s position would have been placed in
fear of bodily injury in connection with appellant=s
taking the beer.  We therefore find that
the evidence is legally and factually sufficient to support appellant=s conviction of robbery.  We overrule issues one and two.

Appellant urges in issues four and five that the
trial court erred when it admitted into evidence two extraneous offenses that
occurred after the robbery and after he had been arrested.  When defense counsel objected, he argued that
the evidence constituted evidence of extraneous offenses and that it was just
an attempt to smear his client by saying that he is a bad guy.  The trial court had the jury removed from the
courtroom and asked the State=s
attorney to develop the proposed line of questioning regarding the alleged
extraneous offenses.

In the hearing outside of the presence of the
jury, Deputy Scott Bird of the Brown County Sheriff=s
Department testified that, on the evening of the robbery, he began his shift at
10:00 p.m. and that he received a call from his dispatcher that someone had
broken into a house to commit an assault. 
The dispatcher informed Deputy Bird that appellant was the suspect in
the burglary.  Deputy Bird went to the
address where the burglary had occurred and met the victim of the assault.  The victim told Deputy Bird that appellant
had asked him for some money that the victim owed him and that appellant had
assaulted him and left.  The victim was
trembling and shaking and was very nervous that appellant would return; he was
scared.

Earlier, Deputy Bird, along with other officers,
had received a briefing before the evening shift began.  It was in this briefing that Deputy Bird
learned about the robbery.  Deputy Bird also
learned at this briefing that appellant was the suspect in that robbery.








After talking to the victim of the burglary,
Deputy Bird began looking for appellant. 
After another officer found appellant=s
pickup, Deputy Bird went to the apartment complex where the vehicle had been
located.  Appellant was walking up to his
pickup when Deputy Bird got there.  He
made contact with appellant, placed him under arrest for the burglary, and put
appellant in his patrol car.  Deputy Bird=s supervisor suggested that he look in
the pickup to see if there was any evidence from the robbery, particularly the
beer.  As Officer Bird was going to
appellant=s pickup,
appellant began to yell at the officer: AStay
away from [my] truck. Get away from my pickup.@  Deputy Bird found a case of Budweiser beer in
plain view in the back of the pickup. 
Deputy Bird testified before the jury that there were three full beers
left in the case and that there was one empty can in the case.  Appellant had taken a case of Budweiser in
the robbery.  When Deputy Bird found the
Budweiser beer case, he held it up and appellant saw that Deputy Bird had found
it.  At that point, appellant began to
kick the back window out of the patrol car. 
Deputy Bird also indicated that appellant was quiet on the way to the
jail because he had been sprayed with O.C. Spray after he had kicked out the
window of the patrol car.  When they
arrived at the jail, he kicked at Deputy Don Carmack,
who was helping escort appellant into the jail. 
Appellant Awas taken
to the ground.@

After the hearing outside the presence of the
jury, the trial court sustained appellant=s
ob-jection regarding the burglary with intent to
commit assault and found that the probative effect of such evidence was
outweighed Aby the
prejudicial nature of it@
and also that Ait is not
part of the same contextual evidence.@  However, the court overruled the remainder of
appellant=s
objection because the evidence was appropriate Asame
contextual evidence.@

When confronted with a question regarding the
admissibility of evidence, we must determine whether the trial court clearly
abused its discretion when it admitted the evidence.  Maddox v. State, 682 S.W.2d 563, 564
(Tex.Cr.App.1985).  If a trial court=s ruling is within the zone of
reasonable disagreement, there is no abuse of discretion.  Santellan
v. State, 939 S.W.2d 155, 168-69 (Tex.Cr.App.1997).  

The law favors the admissibility of relevant
evidence.  Macri
v. State, 12 S.W.3d 505, 511 (Tex.App. - San
Antonio 1999, pet=n ref=d). 
ARelevant
evidence@ is
defined as Aevidence
having any tendency to make the existence of any fact that is of consequence to
the determination of the action more probable or less probable than it would be
without the evidence.@  TEX. R. EVID. 401.  Even if relevant, evidence may be excluded if
its probative value is substantially outweighed by the danger of unfair
prejudice.  TEX.R.EVID. 403.  In order to make that determination, the
trial court must engage in a balancing test under Rule 403.     

A Rule 403 balancing test includes the following
factors:








(1) how compellingly the extraneous offense
evidence serves to make a fact of consequence more or less probable B a factor which is related to the
strength of the evidence presented by the proponent to show the defendant in
fact committed the extraneous offense;

 

(2) the potential the other offense evidence has
to impress the jury Ain
some irrational but nevertheless indelible way@;

 

(3) the time the proponent will need to develop
the evidence, during which the jury will be distracted from consideration of
the indicted offense; [and]

 

(4) the force of the proponent=s need for this evidence to prove a
fact of consequence, i.e., does the proponent have other probative evidence
available to him to help establish this fact, and is this fact related to an
issue in dispute.  

 

Wyatt v. State, 23 S.W.3d 18, 26
(Tex.Cr.App.2000).

The general rule in Texas is that the State is
entitled to show circumstances surrounding an arrest.  Maddox v. State, 682 S.W.2d 563, 564
(Tex.Cr.App.1985).  However, when such
evidence is inherently prejudicial and has no relevance to any issue in the
case, the general rule no longer applies, and the evidence becomes
inadmissible.  Id.   While any evidence presented by the State
most likely is inherently prejudicial, it is only that evidence which is
unfairly prejudicial which is excluded.  Wyatt
v. State, supra at 26.  Here,
however, the contested evidence was relevant to the issue of whether appellant,
by his appearance, language, and conduct, placed Stembridge
in fear of imminent bodily injury at the time that he stole the beer from the
convenience store.  Appellant=s subsequent conduct shows his ability
to place another in fear of imminent bodily injury and is, therefore,
relevant.  Further, although the evidence
might impress the jury in some way, we do not think that such an impression
would be such that it would be irrational in view of the charged offense and
the nature of the subsequent conduct. 
Further, the record does not show that the time needed to develop the
evidence was such that the jury would be distracted from the indicted
offense.  Finally, as we have said, the
evidence about which appellant complains was related to an issue in the case;
and, although other evidence was offered to show that appellant placed Stembridge in fear of imminent bodily injury, the factors
under Rule 403 are merely factors included among the factors to be
considered.  Wyatt v. State, supra
at 26.








Other crimes, wrongs, or acts may also be
admissible as Asame
transaction@
contextual evidence.  Such evidence is
admissible when Aseveral
crimes are intermixed, or blended with one another, or connected so that they
form an indivisible criminal transaction, and full proof by testimony, whether
direct or circumstantial, of any one of them cannot be given without showing
the others.@  Rogers v. State, 853 S.W.2d 29, 33
(Tex.Cr.App.1993).  The fact finder is
entitled to know what happened immediately before and after the commission of
the charged offense so that it might be in a position to realistically evaluate
the evidence.  See Wesbrook
v. State, 29 S.W.3d 103, 115 (Tex.Cr.App.2000).

We hold that the trial court properly engaged in
the balancing test required by Rule 403 and that it did not abuse its
discretion when it admitted the other evidence of appellant=s conduct.  Further-more, the evidence is admissible as Asame transaction@
contextual evidence.  Appellant=s fourth and fifth issues on appeal are
overruled.

Appellant contends in his sixth issue that the
trial court erred when it admitted evidence concerning his tattoos.  We find no record of any objection to this
testimony; consequently, nothing is presented for review.  TEX.R.APP.P. 33.1(a).  We overrule appellant=s
sixth issue on appeal.

Appellant insists in issue seven that the trial
court erred in admitting into evidence testimony from Stembridge=s supervisor with respect to a
statement Stembridge made to her after the
robbery.  A trial court=s ruling on the admissibility of
evidence is generally reviewed under an abuse of discretion standard.  Bowie v. State, 135 S.W.3d 55, 59
(Tex.Cr.App.2004).

Carla Jones testified that Stembridge
used to be one of her Aclerks.@ 
She said that on the day of the robbery she received a phone call from Stembridge.  She
stated that he appeared to be A[k]ind of nervous.@  She related that Stembridge
had told her that he had been threatened. 
When she was asked if Stembridge had told her
generally what the threat was, counsel for appellant objected on the basis that
the testimony was hearsay.  The trial
court overruled the objection, holding that the testimony was admissible under
the excited utterance exception to the hearsay rule.  Jones then testified:  A[Appellant]
said if [Stembridge] called the cops that he would
kill him.@

Statements relating to a startling event or
condition made while the declarant was under the
stress of excitement caused by the event or condition are admissible under the
excited utterance exception to the hearsay rule.  TEX.R.EVID. 803(2).  We hold that the trial court did not abuse
its discretion in determining that Stembridge=s statement was an excited utterance
and, therefore, was admissible as an exception to the hearsay rule.








Appellant argues that the statement, even if it
were an excited utterance, might be inadmissible on other grounds.  The only ground he urges, however, is that
Jones=s
testimony differs from that of Stembridge with
respect to the wording of the threat. 
Appellant solely relies on the opinion in King v. State, 953
S.W.2d 266, 269 (Tex.Cr.App.1997).  In King,
the court held that a witness=s
statement was admissible as an excited utterance and that the trial court,
acting in its discretion, could have found that there was a basis for an
opinion expressed in the statement.  Id.
at 270-71.  We find that King is
consistent with and not in conflict with this opinion.  Appellant presents no authority supporting
any suggestion that evidence otherwise admissible is rendered inadmissible
because it is in conflict with other evidence, and we are not aware of
any.  We overrule issue seven.

Appellant asserts in his eighth issue on appeal
that the State permitted Stembridge to testify that
the event in question occurred at approximately 8:00 or 9:00 p.m.  He asserts that, since the store=s security tape shows that it was still
daylight outside, the robbery must have occurred at an earlier time.  An appellate court may take judicial notice
for the first time on appeal.  Granados
v. State, 843 S.W.2d 736, 738 (Tex.App. - Corpus
Christi 1992, no pet=n).  According to the website of the United States
Naval Observatory, at www.usno.navy.mil, sunset occurred in Brown County on
June 25, 2001, at 8:45 p.m., and civil twilight occurred at 9:13 p.m.  Consequently, there is no inconsistency
between Stembridge=s
testimony and the store security tape.

Appellant also suggests that Stembridge=s testimony that he had voluntarily
quit his employment at the store following the event in question was perjured
because it conflicted with the testimony of Jones.  Actually, Jones testified that, when she
talked with Stembridge following the robbery, she
tried to talk to him and calm him down. 
She stated that, when she came in the next day, Stembridge
had left a note saying that he was not coming back.  She said she took that to mean that he had
quit.  Consequently, there is no conflict
between Stembridge=s
testimony and that of Jones.  We overrule
issue eight.








Appellant argues in his ninth issue on appeal that
the trial court erred when it overruled his pretrial application for writ of
habeas corpus and refused to permit him to be released on a personal bond.  However, as appellant notes in his brief, the
decision as to whether to permit a person accused of a crime to make a personal
bond is within a magistrate=s
discretion.  TEX. CODE CRIM. PRO. ANN.
art. 17.03(a) (Vernon Supp. 2004 - 2005). 
Appellant cites the general provision in TEX. CODE CRIM. PRO. ANN. art.
17.15(2) (Vernon Supp. 2004 -2005) that the power to require bail is not to be
so used as to make it an instrument of oppression.  Article 17.15(2).  He presents no argument or authority as to
why in his case the trial court=s
denial of his request for personal bond constituted using the power to require
bail so as to make it an instrument of oppression.  We overrule appellant=s
ninth issue on appeal.

In his third and tenth issues on appeal, appellant
complains that he received ineffective assistance of counsel.  In order to determine whether appellant=s trial counsel rendered ineffective
assistance at trial, we must first determine whether appellant has shown that
counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Strickland v. Washington,
466 U.S. 668 (1984); Hernandez v. State, 988 S.W.2d 770
(Tex.Cr.App.1999).  We must indulge a
strong presumption that counsel=s
conduct fell within the wide range of reasonable professional assistance; and
appellant must overcome the presumption that, under the circumstances, the
challenged action might be considered sound trial strategy.  Stafford v. State, 813 S.W.2d 503,
508-09 (Tex.Cr.App.1991).








In his third issue on appeal, appellant argues
that his trial counsel was ineffective in making a motion for an instructed
verdict before the State had rested. 
Appellant contends that, by making the motion prematurely, the State was
able to recall Stembridge and offer additional
testimony  to bolster its case.  The record is silent as to why appellant=s trial counsel chose to make a motion
for instructed verdict before the State had rested its case.  An appellate court should be especially
hesitant to declare counsel ineffective based upon a single alleged
miscalculation during what amounts to otherwise satisfactory representation,
especially when the record provides no discernible explanation of the motivation
behind counsel=s actions
B whether those actions were of
strategic design or the result of negligent conduct.   Thompson v. State, 9 S.W.3d 808
(Tex.Cr.App.1999).  Moreover, TEX. CODE
CRIM. PRO. ANN. art. 36.02 (Vernon 1981) provides that the trial court may Aallow testimony to be introduced at any
time before the argument of a cause is concluded, if it appears that it is
necessary to a due administration of justice.@  The trial court should allow a party to
reopen its case if the evidence would materially change the case in the
proponent=s
favor.  Peek v. State, 106 S.W.3d
72, 79 (Tex.Cr.App.2003).  Therefore, had
trial counsel moved for an instructed verdict after the State rested, the trial
court may have allowed the State to reopen its case and offer the additional
testimony.

In his tenth issue on appeal, appellant complains
that his trial counsel was ineffective in failing to adequately prepare for
trial.  Appellant alleges several
instances in which he contends his trial counsel was deficient in his trial
preparation.  To defeat the presumption
of reasonable professional assistance, any allegation of ineffectiveness must
be firmly founded in the record; and the record must affirmatively demonstrate
the alleged ineffectiveness. Thompson v. State, supra; McFarland v.
State, 845 S.W.2d 824 (Tex.Cr.App.1992), cert. den=d, 508 U.S. 963 (1993). Appellant=s contentions are not supported by the
record.  Appellant has not shown that
trial counsel=s
decisions were not based on sound trial strategy.  Therefore, appellant has not shown that he
received ineffective assistance of counsel. 
Appellant=s third
and tenth issues on appeal are overruled.

In his eleventh issue, appellant complains that
the trial court erred in allowing the State to intimidate a defense
witness.  During the punishment phase of
the trial, appellant called Sylvia Bessette to
testify.[1]  Bessette stated
that appellant had previously been convicted for the offense of indecency with
a child and that she was the victim of that offense.  Bessette testified
that appellant did not commit that offense. 
On cross-examination, the State questioned Bessette
about statements she made to an investigator concerning the offense.  Bessette stated
that she did not recall making some of the statements.  The State informed Bessette
that she was testifying under oath and that Aif
you get up while under oath and tell a lie...that could be considered
aggravated perjury.@  The State then told Bessette
the penalty range for a third degree felony.

Appellant objected, arguing that the State was
trying to intimidate the witness.  The
trial court instructed the State that it could only inform Bessette
on the distinction between perjury and aggravated perjury.  Bessette stated
that she was aware of the distinction, and there were no further questions
concerning perjury.








The record does not support appellant=s argument that the State threatened or
harassed Bessette. 
The State informed Bessette of the
consequences of lying under oath.  See
Webb v. State, 503 S.W.2d 799 (Tex.Cr.App.1974).  Appellant has not shown that the trial court
erred in overruling his objection to the State=s
comments on perjury.  Appellant=s eleventh issue on appeal is
overruled. 

A majority of this court affirms the judgment of
the trial court.

 

JIM R. WRIGHT

JUSTICE

 

January 13, 2005

Publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot,
C.J., and

Wright,
J., and Hill, J.[2]








 

 

                                                                Dissenting
Opinion

I respectfully dissent because the trial court
abused its discretion by admitting evidence that Hayden, after his arrest,
kicked out the back window of the patrol car and that, while being taken to
jail, he kicked Deputy Carmack.  Even if the evidence is relevant, what little
probative value it might have is substantially outweighed by the danger of
unfair prejudice.

The majority correctly sets forth the four
principal factors to be considered in applying a Rule 403 balancing test.  The first factor is how compellingly the
extraneous offense evidence serves to make a fact of consequence more or less
probable B a factor
that is related to the strength of the evidence presented by the proponent to
show the defendant in fact committed the extraneous offense.  In discussing this factor, the majority
concludes that the evidence in question was relevant.  It specifically mentions that it is relevant
to show Hayden=s ability
to place another in fear of imminent bodily injury.  The issue before the jury was whether Hayden=s words, appearance, and conduct placed
the complainant in fear of imminent bodily injury, not whether Hayden had the ability
to do so.  Consequently, I would not
characterize Hayden=s ability
to place the complainant in fear of imminent bodily injury to be a fact of
consequence under the facts of this case. 
The evidence of Hayden=s
extraneous conduct was weak with respect to whether Hayden committed the
charged offense.  The application of a
Rule 403 balancing test is really not necessary if the evidence offered has no
relevance.  Consequently, the issue under
the first factor is not whether the evidence is relevant but how compellingly
it serves to make a fact of consequence more or less probable.  The majority does not really discuss whether
the evidence of Hayden=s
conduct subsequent to his arrest served to make a fact of consequence more or
less probable other than to say it was relevant to the issue of his ability to
commit the offense.  It may be that the
majority feels that evidence related to a defendant=s
arrest is admissible even if inherently prejudicial if it has any relevance at
all.  However, such evidence is
inadmissible if it is inherently prejudicial and has little or no relevance to
any issue in the case.  Smith v.
State, 646 S.W.2d 452, 457 (Tex.Cr.App.1983).








Unlike the majority, I would conclude that the
evidence of Hayden=s violent
conduct at the time of his arrest would impress the jury in some irrational but
nevertheless indelible way.  Although
such evidence has little if any probative value with respect to whether Hayden=s appearance, conduct, and words at the
time he stole the beer placed the complainant in fear of imminent bodily
injury, it does constitute evidence that Hayden is a violent person
generally.  Such testimony would be
unfairly prejudicial to the jury determining whether his actions at the time he
stole the beer placed the complainant in fear of imminent bodily injury.

I agree that the proponent needed little time to
develop the evidence.  As the majority
notes, the State had ample evidence other than Hayden=s
extraneous offenses to show the jury Hayden=s
conduct, appearance, and words at the time he stole the beer.  I would hold that the trial court abused its
discretion in admitting the evidence in question because its probative value is
substantially outweighed by the danger of unfair prejudice.

The majority also suggests that evidence of Hayden=s violent conduct after his arrest was
admissible as same transaction contextual evidence.  Same transaction contextual evidence is
deemed admissible where several crimes are intermixed, or blended with one
another, or connected so that they form an indivisible criminal transaction,
and full proof by testimony, whether direct or circumstantial, of any one of
them cannot be given without showing the others.  Rogers v. State, 853 S.W.2d 29, 33
(Tex.Cr.App.1993).  The State had no
problem showing the offense for which Hayden was charged, without the necessity
of showing his violent conduct following his arrest.  Hayden=s
actions after his arrest were not so intermixed, blended with, or connected to
the primary offense for which he was charged so as to form an indivisible
criminal transaction.  Evidence of these
subsequent offenses was also not necessary to place in context the offense for
which Hayden was charged.  Consequently,
the evidence does not constitute same transaction contextual evidence.  The majority holds that it does, without any
discussion as to how the evidence meets the criteria.

I would sustain Hayden=s
issues four and five and remand this cause for further proceedings.

 

JOHN G. HILL

JUSTICE

January 13, 2005

Publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of: Arnot, C.J., and

Wright,
J., and Hill, J.[1]











[1]The record shows that Bessette
had her attorney present to advise her during her testimony.





[2]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.





[1]John
G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort
Worth sitting by assignment.