# WEBB v. TEXAS

No. 71–6647.   Decided December 4, 1972

PER CURIAM.

The petitioner was convicted of burglary in the Criminal District Court of Dallas County, Texas, and was sentenced to a term of imprisonment for 12 years. He appealed, raising several claims of error, among them an allegation that the trial court had violated his constitutional rights by "threatening and harassing" the sole witness for his defense, so that the witness refused to testify. The Court of Criminal Appeals of Texas affirmed his conviction, 480 S. W. 2d 398 (1972). We grant the motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari and reverse the petitioner's conviction.

The record shows that, after the prosecution had rested its case, the jury was temporarily excused. During this recess, the petitioner called his only witness, Leslie Max Mills, who had a prior criminal record and was then serving a prison sentence. At this point, the trial judge, on his own initiative, undertook to admonish the witness as follows:

> "Now you have been called down as a witness in this case by the Defendant. It is the Court's duty to admonish you that you don't have to testify, that anything you say can and will be used against you.

If you take the witness stand and lie under oath, the Court will personally see that your case goes to the grand jury and you will be indicted for perjury and the liklihood [*sic*] is that you would get convicted of perjury and that it would be stacked onto what you have already got, so that is the matter you have got to make up your mind on. If you get on the witness stand and lie, it is probably going to mean several years and at least more time that you are going to have to serve. It will also be held against you in the penitentiary when you're up for parole and the Court wants you to thoroughly understand the chances you're taking by getting on that witness stand under oath. You may tell the truth and if you do, that is all right, but if you lie you can get into real trouble. The court wants you to know that. You don't owe anybody anything to testify and it must be done freely and voluntarily and with the thorough understanding that you know the hazard you are taking."

The petitioner's counsel objected to these comments, on the ground that the judge was exerting on the mind of the witness such duress that the witness could not freely and voluntarily decide whether or not to testify in the petitioner's behalf, and was thereby depriving the petitioner of his defense by coercing the only defense witness into refusing to testify. Counsel pointed out that none of the witnesses for the State had been so admonished. When the petitioner's counsel then indicated that he was nonetheless going to ask the witness to take the stand, the judge interrupted: "Counsel, you can state the facts, nobody is going to dispute it. Let him decline to testify." The witness then refused to testify for any purpose and was excused by the court. The petitioner's subsequent motion for a mistrial was overruled.

On appeal, the petitioner argued that the judge's conduct indicated a bias against the petitioner and deprived him of due process of law by driving his sole witness off the witness stand. The Court of Criminal Appeals rejected this contention, stating that, while it did not condone the manner of the admonition, the petitioner had made no objection until the admonition was completed, and there was no showing that the witness had been intimidated by the admonition or had refused to testify because of it.

We cannot agree. The suggestion that the petitioner or his counsel should have interrupted the judge in the middle of his remarks to object is, on this record, not a basis to ground a waiver of the petitioner's rights. The fact that Mills was willing to come to court to testify in the petitioner's behalf, refusing to do so only after the judge's lengthy and intimidating warning, strongly suggests that the judge's comments were the cause of Mills' refusal to testify.

The trial judge gratuitously singled out this one witness for a lengthy admonition on the dangers of perjury. But the judge did not stop at warning the witness of his right to refuse to testify and of the necessity to tell the truth.* Instead, the judge implied that he expected Mills to lie, and went on to assure him that if he lied, he would be prosecuted and probably convicted for perjury, that the sentence for that conviction would be added on to his present sentence, and that the result would be to impair his chances for parole. At least some of these threats may have been beyond the power of this judge to

---

*Cf. *United States* v. *Winter*, 348 F. 2d 204, 210 (1965), where Judge Weinfeld, writing for the Second Circuit, stated:

"Once a witness swears to give truthful answers, there is no requirement to 'warn him not to commit perjury or, conversely to direct him to tell the truth.' It would render the sanctity of the oath quite meaningless to require admonition to adhere to it."

carry out. Yet, in light of the great disparity between the posture of the presiding judge and that of a witness in these circumstances, the unnecessarily strong terms used by the judge could well have exerted such duress on the witness' mind as to preclude him from making a free and voluntary choice whether or not to testify.

In *Washington* v. *Texas,* 388 U. S. 14, 19 (1967), we stated:

> "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law."

In the circumstances of this case, we conclude that the judge's threatening remarks, directed only at the single witness for the defense, effectively drove that witness off the stand, and thus deprived the petitioner of due process of law under the Fourteenth Amendment. The admonition by the Texas Court of Criminal Appeals might well have given the trial judge guidance for future cases, but it did not serve to repair the infringement of the petitioner's due process rights under the Fourteenth Amendment.

Accordingly, the judgment is

*Reversed.*

MR. JUSTICE BLACKMUN, with whom MR. JUSTICE REHNQUIST joins, dissenting.

The facts before us do not, in my opinion, justify the Court's summary disposition. Petitioner Webb (who, on a prior occasion, had been convicted on still another

■■■■■

burglary charge) was apprehended by the owner of a lumber business. The owner, armed with his shotgun, had driven to his office at three o'clock in the morning upon the activation of a burglar alarm. When he entered the building, the owner observed a broken window and an assortment of what he regarded as burglary tools on his desk. When men emerged from an adjacent room, a gun fight ensued. Two intruders escaped, but the owner, despite his having been shot twice, succeeded in holding the petitioner at gunpoint until police arrived.

Although the admonition given by the state trial judge to the sole witness proffered by the defense was obviously improper, sufficient facts have not been presented to this Court to demonstrate the depth of prejudice that requires a summary reversal. The admonition might prove far less offensive, and the conduct of the trial judge understandable, if, for example, as is indicated in petitioner's brief, p. 8, prepared by counsel and filed with the Texas Court of Criminal Appeals, the witness were known to have been called for the purpose of presenting an alibi defense. Against the backdrop of being caught on the premises and of apparently overwhelming evidence of guilt, offset only by a bare allegation of prejudice, I would deny the petition for certiorari and, as the Court so often has done, I would remit the petitioner to the relief available to him by way of a post-conviction proceeding with a full evidentiary hearing.*

---

*Petitioner's counsel assured the Court of Criminal Appeals that the witness would not have been called "unless he had been previously interviewed and found to be helpful to the appellant's cause." Brief for Appellant on First Motion for Rehearing 7, *Webb* v. *Texas*, 480 S. W. 2d 398 (Ct. Crim. App. Tex. 1972). An evidentiary hearing would allow petitioner's trial counsel to outline the testimony that was expected from the witness.

A prior trial is mentioned in the record. An evidentiary hearing might reveal events at the prior trial that justified the trial judge's unusual concern about possible perjury.