**Alfred David WEBB, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44571.**

Court of Criminal Appeals of Texas.

April 4, 1973.

Melvyn Carson Bruder, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle and Harry J. Schulz, Jr., Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This burglary conviction was affirmed in Webb v. State, 480 S.W.2d 398 (Tex.Cr. App.1972). Petition for writ of certiorari was granted and the conviction was reversed by the United States Supreme Court. Webb v. Texas, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972). The basis for the reversal was the trial judge's admonishment to the petitioner's only witness, who had a prior criminal record and was then

serving a prison sentence. The witness subsequently refused to testify. The Court wrote:

"In the circumstances of this case, we conclude that the judge's threatening remarks, directed alone at the single witness for the defense, effectively drove that witness off the stand, and thus deprived the petitioner of due process of law under the Fourteenth Amendment. The admonition by the Texas Court of Criminal Appeals might well have given the trial judge guidance for future cases, but it did not serve to repair the infringement of the petitioner's due process rights under the Fourteenth Amendment."

In light of the Supreme Court's action, the order of affirmance is set aside, the judgment is reversed and the cause remanded.

ROBERTS, J., dissents.