J. C. GRIFFIN, Plaintiff-Appellant,

v.

Caspar W. WEINBERGER, Secretary of Health, Education and Welfare of the United States, Defendant-Appellee.

No. 73–3500
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 19, 1974.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Frank J. Mizell, Jr., Montgomery, Ala., for plaintiff-appellant.

Ira DeMent, U. S. Atty., Kenneth E. Vines, J. Jerry Wood, Asst. U. S. Attys., Montgomery, Ala., for defendant-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

■ J. C. Griffin here challenges the finding of the Social Security Administration, as affirmed by the district court, that he is too young to receive retirement insurance benefits under § 202(a) of the Social Security Act, 42 U. S.C. § 402(a). He first contends that there was not substantial evidence to support the finding that he was born in 1917 rather than 1900. In support of the earlier birthdate Griffin offered his own testimony, the statements of a number of members of the community, his marriage record, his son's birth certificate, and evidence based on the files of the Board of Registrars of Covington County, Alabama. In support of the latter birthdate the Secretary offered two records from the Campbell Chappel

School, a letter from the Census Bureau relating to the 1930 census, three draft registration certifications, and Griffin's application for a social security account number. There was obviously a conflict of evidence regarding Griffin's birthdate which was resolved in favor of the latter year. We cannot say that the evidence supporting that resolution is insubstantial, particularly in view of the fact that the older records, which the Secretary may justifiably regard as more trustworthy, tend to support the latter birthdate. *See* Ginsburg v. Richardson, 3 Cir. 1971, 436 F.2d 1146, cert. denied, 402 U.S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142, rehearing denied, 403 U.S. 912, 91 S.Ct. 2213, 29 L.Ed.2d 690.

■ Griffin next contends that the administrative law judge's overly coercive and stern admonition against perjury indicates a bias or prejudice that requires reversal. This contention is without merit. In the first place, the admonition did no more than lay out accurately the consequences of testifying falsely.[1] It was not overly coercive or threatening. Even if it were construed as coercive, however, reversal would not be required under Webb v. Texas, 1973, 93 S.Ct. 351, 409 U.S. 95, 34 L.Ed.2d 330. The judge's warning in *Webb* was so stern as to frighten off the stand the only witness for the defendant in a criminal case, depriving the defendant of any opportunity to present his defense to the jury. There was no such result here, since Griffin proceeded to testify fully after the admonition. Furthermore, unlike the judge in *Webb*, the administrative law judge here did not imply that he expected Griffin to lie. The wording of the admonition does not indicate that Griffin was deprived of a fair hearing.

Affirmed.

---

1. Before he began his testimony, Griffin was admonished in the following language.

Mr. Griffin, I want you to clearly understand the import of what is about to occur. You have taken an oath to tell the truth. There are certain penalties for not telling the truth provided in the United States Criminal Code. If you do not tell the truth

under oath, it will be perjury, and you may be liable to prosecution. Now, perjury is the knowing misrepresentation under oath of a material fact. In plain words, if you lie about the date of your birth and any of the other circumstances surrounding it, you may be liable to prosecution.