**STATE of Maine**

v.

**Rino J. CHASSE.**

Supreme Judicial Court of Maine.

Argued Nov. 6, 1986.

Decided Dec. 12, 1986.

John D. McElwee, Dist. Atty., Larry D. Amberger (orally), Asst. Dist. Atty., Caribou, for plaintiff.

Robert Bellefleur (orally), Madawaska, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

WATHEN, Justice.

Defendant Rino J. Chasse appeals from an order of the Superior Court (Aroostook County), dismissing an appeal from his conviction in District Court (Fort Kent) of operating a motor vehicle while under the influence of intoxicating liquor, 29 M.R. S.A. § 1312–B (Supp.1985). On appeal defendant argues (1) that he was denied his constitutional right to present a defense when the court instructed a defense witness about his fifth amendment right against self-incrimination, (2) that the witness was improperly prevented from testifying, and (3) that the trial court improperly prevented the defense witness from consulting with counsel. We find that the trial

court improperly barred the witness from exercising his choice whether to testify. We vacate the judgment.

Defendant Rino J. Chasse was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor. At trial the defendant admitted that he was intoxicated on the night in question, but took the stand on his own behalf and contended that he was not driving. Defendant claimed that he had previously admitted that he was driving in order to cover up for his roommate, Toms, who had been drinking and was under age at the time. Toms was subpoenaed to testify as part of the defendant's case. As Toms was called to the stand, the prosecutor requested the court "to explain to Mr. Toms his rights under the fifth amendment of the Constitution." Toms was unrepresented, had not been charged with any crime and had not yet been sworn as a witness. The following exchange then took place.

COURT: Mr. Toms, would you stand, please? Do you understand that no one can oblige you to say anything that would tend to incriminate you?

MR. TOMS: I do.

COURT: Do you still wish to testify?

MR. TOMS: I wish to testify, but I will answer no questions involving self-incrimination.

[PROSECUTOR]: Based on that response, your Honor, I would ask that he not be permitted to take the witness stand because the only possible result would be a waste of time, and that his entire testimony would have to be stricken if he took the Fifth Amendment.

After denying the witness's request to confer with defense counsel because of the prosecutor's protestations that defense counsel would have a conflict of interest, the court granted the prosecutor's request and barred the witness from taking the stand. In doing so, the court erred.

It is appropriate for a trial court to inform a witness of his right against self-incrimination where need appears. *State v. Brewer*, 321 A.2d 478, 483 (Me. 1979). It is the witness, however, who is required to choose whether to testify and the court must be careful to permit the witness to make a free and voluntary choice. *See Webb v. Texas*, 409 U.S. 95, 98, 93 S.Ct. 351, 353, 34 L.Ed.2d 330 (1972), and *State v. Fagone*, 462 A.2d 493, 496 (Me.1983). The fifth amendment right against self incrimination is personal to the witness. *State v. Melvin*, 390 A.2d 1024, 1029 (Me.1978). The privilege adheres to the witness and may not be vicariously asserted by a third person. *State v. Anderson*, 409 A.2d 1290, 1301–1302 (Me. 1979). In the case at hand, by barring the witness from the stand, the court precluded any choice on the part of the witness. We vacate defendant's conviction, finding the trial court acted improperly, and thus it is not necessary to reach the other issues raised on appeal.

The entry must be:
Judgment of Superior Court vacated.

Remanded for entry of order vacating District Court judgment.

All concurring.