■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE DIAZ, Also Known as TONY VALERIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Beerman, J.), rendered December 18, 1989, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

The evidence adduced at the defendant's trial established that before 9:00 P.M. on the night of December 29, 1988, the codefendant Ferrara, whose case had been severed from the defendant's, had been selling glassine envelopes of narcotics over the counter of a grocery store in Queens County, while the defendant, according to several police witnesses, greeted the drug customers as they entered the store. The defendant, on the other hand, testified that he entered the store only to buy a soda at around 9:00 P.M., after the crime had occurred, and moments before the police burst in.

To corroborate his testimony, the defendant attempted to call the codefendant Ferrara as a witness on his behalf. The trial court conducted a hearing as to the possible scope of Ferrara's testimony, given Ferrara's concerns about self-incrimination. At the hearing, the prosecutor asked Ferrara whether he, Ferrara, was engaged in criminal activity prior to 9:00 P.M. The prosecutor, however, did not ask any direct questions regarding the *defendant's* conduct prior to 9:00 P.M. In certain questions, which the prosecutor claims were directed to the defendant's conduct at the time of the crime, the prosecutor misspoke, using the codefendant Ferrara's name instead of the defendant's name. Under the circumstances, Ferrara's assertion of his Fifth Amendment privilege was justified, and it was not established that the prosecutor would be unable to adequately cross-examine Ferrara with respect to the defendant's alleged criminal conduct. Nevertheless, the trial court concluded that adequate cross-examination of Ferrara could not be had, and precluded the appellant from calling him as a witness. The court's ruling is unsupported by the record, and deprived the defendant of his constitutional

right to present a witness in his own defense *(see,* US Const 6th, 14th Amends; NY Const, art I, § 6; *Chambers v Mississippi,* 410 US 284, 302; *Webb v Texas,* 409 US 95; *Washington v Texas,* 388 US 14, 19; *In re Oliver,* 333 US 257). Balletta, J. P., Rosenblatt, Lawrence and O'Brien, JJ., concur.