**Patrick Neil LOWDEN, Petitioner–Appellant,**

v.

**Tana WOOD, Respondent–Appellee.**

No. 00–36046.

D.C. No. CV–98–00028–JLQ.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2001 *.

Decided Oct. 11, 2001.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER,** Senior District Judge.

MEMORANDUM ***

Patrick Lowden was convicted of first-degree murder in the Washington state

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

court. He appeals from a judgment denying his petition for habeas relief under 28 U.S.C. § 2254. Because the parties are familiar with the facts, we state them here only to the extent necessary to our decision.

We agree with the district court that Lowden fully and fairly presented his federal claim of denial of a fair trial to the state supreme court. *See* 28 U.S.C. § 2254(b)(1)(A); *Van Tran v. Lindsey*, 212 F.3d 1143, 1149 (9th Cir.2000).

## I.

█ Lowden's principal contention is that the prosecutor so intimidated one of his alibi witnesses, Shawn McCoy, that he did not testify. At the evidentiary hearing in the district court, McCoy testified that the prosecutor told him he had proof that McCoy was lying and that he would go to jail for perjury, that the prosecutor "reamed" him so that he forgot his name and where he was, and that he did not testify because the prosecutor made him feel that he was wrong in what he firmly believed to be the truth. The prosecutor in turn testified that he simply went over McCoy's testimony with him and merely warned him of the perjury statute and the need to tell the truth.

The district judge made lengthy oral findings at the conclusion of the hearing. While he found all of the witnesses, including McCoy, credible, the judge did not think the prosecutor told McCoy that if he testified to the alibi and the prosecution did not believe him, he would be charged with perjury. The judge found that instead McCoy was told no more than if he intentionally testified falsely he could be subject to perjury prosecution. The judge concluded that the evidence did not convince him that the giving of the perjury warnings intimidated McCoy into not testifying.

In subsequently issued written findings, the court carefully analyzed the evidence and the applicable law under the authority of *Webb v. Texas*, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972), and *United States v. Vavages*, 151 F.3d 1185 (9th Cir.1998). It concluded that the prosecutor's warnings were not unnecessarily strong and that the evidence did not establish that they drove McCoy from the witness stand.

We review the decision to deny the petition *de novo*, *Bribiesca v. Galaza*, 215 F.3d 1015, 1018 (9th Cir.2000), and findings of fact for clear error. *Weaver v. Thompson*, 197 F.3d 359, 362 (9th Cir.1999). While the testimony was conflicting, we cannot say that the findings of the experienced trial judge who saw and heard the witnesses are clearly erroneous or that the denial of the petition was error.

## II.

█ Lowden complains that the prosecutor used hearsay statements of McCoy during the cross-examination of Corin McMurtry, thereby violating his Sixth Amendment right to confrontation. We agree with the district court that there is no clearly established law, as determined by the Supreme Court, prohibiting reference to hearsay statements in cross-examination where the hearsay declarant is available to testify, as was McCoy. *See* 28 U.S.C. § 2254(d)(1); *cf. Hardnett v. Marshall*, 25 F.3d 875, 879 (9th Cir.1994).

Lowden charges the prosecutor with vouching when arguing that his witnesses were absolutely not lying and that Lowden's defense was not credible. The district court, after careful a review, concluded that the vouching here was not particularly serious and was primarily in response to defense counsel's argument that the state's witnesses had a strong motive to lie. We agree. Moreover, we cannot say that Lowden's contention is

supported by clearly established law. *See* 28 U.S.C. § 2254(d)(1); *see also Darden v. Wainwright,* 477 U.S. 168, 182, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986).

Finally, Lowden complains that during deliberations, some of the jurors were allowed to go outside to smoke in the vicinity of some of the trial participants, while other jurors remained in the jury room. The trial court, after hearing the parties, denied Lowden's motion for a new trial, determining, among other things, that the jurors had no contact with anyone. There is no indication that the state court's determination was unreasonable in the light of the evidence presented. Thus, we agree with the district court that the claim has no merit. *See* 28 U.S.C. § 2254(d)(2); *Smith v. Phillips,* 455 U.S. 209, 217, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982).

AFFIRMED.