Matthew Byron **WRIGHT,**
Petitioner–Appellant,

v.

Willie **DAIGLE,** Superintendent,
Washington State Reformatory,
Respondent–Appellee.

No. 01–35227.

D.C. No. CV–99–1400–Z.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2001.

Decided Dec. 7, 2001.

of this circuit except as may be provided by Ninth Circuit Rule 36–3.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Before O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

MEMORANDUM *

Petitioner Matthew Byron Wright appeals the district court's denial of his § 2254 petition. On de novo review, we affirm.

A. *Confrontation Clause*

Petitioner first argues that the limitations on his cross-examination of B.J. Reynolds rise to the level of an unreasonable application of clearly established federal law.[1] 28 U.S.C. § 2254(d)(1). We are not persuaded.

A trial judge may limit the scope of cross-examination without necessarily committing constitutional error. *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986). Petitioner had ample opportunity to cross-examine Reynolds as to coercion, favorable treatment, bias, and motive to lie. This fact distinguishes Petitioner's case from those on which he principally relies, *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), and *Van Arsdall*.

Specifically, Petitioner's cross-examination disclosed that Reynolds did not want to testify, that the police had coerced him to do so, that he gave his statement because he was concerned that the police

1. Although Respondent argues that these issues were not exhausted, we disagree, because the issues were presented to the Washington Supreme Court.

otherwise would blame him for the murder, and that he received benefits such as immunity from prosecution for having given two different reports to police. Under these circumstances, the trial judge's decision to preclude additional cross-examination did not curtail Petitioner's confrontation rights unconstitutionally.

### B. *Due Process*

Petitioner also argues that the prosecutor violated his right to due process by improperly coercing Reynolds' testimony. In support he cites *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935); *United States v. Young,* 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985); and *Webb v. Texas,* 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972) (per curiam).

In *Berger,* the prosecutorial misconduct was pronounced and persistent and had a cumulative effect on the jury. By contrast, the alleged misconduct in this case was not so pronounced or persistent, and did not take place in front of the jury. *Young* cited *Berger* in ruling that a prosecutor's statements in response to defense counsel's closing argument did not constitute "plain error"; it provides no additional support for Petitioner's argument. In *Webb,* the trial judge threatened a defense witness to keep him off the stand. That is unlike what happened here, where the prosecutor's effort was to require a witness to testify on behalf of the state.

None of the cited cases is controlling. Indeed, Petitioner's argument recognizes that the principles of the Supreme Court's cases would have to be extended before they would cover the kind of pressure allegedly placed on Reynolds. Because it would require this court to " 'break[ ] new

ground' " to hold in Petitioner's favor, he must be denied relief. *Williams v. Taylor,* 529 U.S. 362, 381, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (quoting *Teague v. Lane,* 489 U.S. 288, 301, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989)).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.