MEMORANDUM **
Karla Chavarria appeals her jury conviction of one count of importation of methamphetamine and one count of possession with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 952, and 960. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for proceedings consistent with this disposition.
I. Appellant’s Trial Date
Appellant charges as error the acceleration of her trial date. The district court accelerated the government’s casein-chief by six days, but gave the defense the option of waiting until the previously scheduled date for trial; in essence, Appellant was given the opportunity for a continuance. The district court did not clearly abuse its discretion. United States v. Gonzalez-Rincon, 36 F.Sd 859, 865 (9th Cir.1994).
II. The District Court’s “Statement Against Interest” Ruling
Appellant argues that precluding Chavez’s testimony that Balente Rubio said, “Look, she didn’t know,” was an abuse of discretion, see United States v. Weiland, 420 F.3d 1062, 1074 n. 9 (9th Cir.2005), as Rubio was unavailable and the statement does tend to inculpate him. As the district court noted, there is no way that Rubio could have known for certain what Appellant knew. As phrased, the question is improper as it calls for speculation, and the district court cannot be said to have abused its discretion in excluding the testimony.
III.“Unknowing Drug Courier” Expert Testimony
Appellant concedes that her case is complex and thus concedes that expert testimony regarding “unknowing couriers” was admissible. See United States v. Cordoba, 104 F.3d 225, 229, 229-30 (9th Cir.1997) (admitting expert testimony that “sophisticated narcotics traffickers do not entrust 300 kilograms of cocaine to someone who does not know what he is transporting”). Appellant again argues that the case’s sophistication required a continuance; however, this argument undermines her claim regarding expert testimony. See United States v. Campos. 217 F.3d 707, 712-15 (9th Cir.2000) (concluding expert testimony regarding an “unknowing courier” did not amount to profile testimony, and stating “Although we have not yet approved of the use of such expert testimony in non-complex cases, we have not disapproved of it”).
Appellant also opened the door to the use of this testimony in rebuttal by claiming she was unaware of the narcotics in the truck. The defense indicated that “someone” other than Rubio was involved, and that “they” were part of a larger drug operation. The government’s expert testified .that most drug trafficking organizations do not entrust large quantities of drugs to “anybody,” but rather “[ijt’s going to be somebody they usually trust.” *6 The rebuttal testimony here belied Appellant’s claim and went “to the heart” of Appellant’s defense. See United States v. Murillo, 255 F.3d 1169, 1177 (9th Cir.2001) (testimony went “right to the heart of Murillo’s defense that he was simply an unknowing courier”), overruled in part on other grounds by United States v. Mendez, 476 F.3d 1077 (9th Cir.2007).
IV. The District Court’s Admonishment of Rubio
Appellant contends that the district court judge prevented a defense witness, Rubio, from testifying in violation of Appellant’s Sixth Amendment right to present a defense. Appellant did not object to the trial judge’s admonition of Rubio, so we review for plain error.[1] United States v. Geston, 299 F.3d 1130, 1135 (9th Cir.2002); Fed.R.Crim P. 52.
Based on the totality of the circumstances, the district court judge committed plain error by driving Rubio from the stand. See Webb v. Texas, 409 U.S. 95, 98, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972) (per curiam); see also United States v. Vavages, 151 F.3d 1185, 1191 (9th Cir.1998). First, the district court warned the witness, Rubio, of his right not to testify at least four times.[2] Even after these warnings, Rubio indicated that he would answer the defense’s question.
Second, the district court’s language was strong, certainly stronger than necessary. See Webb, 409 U.S. at 98, 93 S.Ct. 351. The judge did much more than neutrally advise a witness of his or her duties and rights. See United States v. Rich, 580 F.2d 929, 934 (9th Cir.1978). The sheer number of the judge’s repeated warnings exerted pressure on Rubio not to testify. After Rubio stated that he would testify, the judge questioned this decision, ultimately assigning him an attorney.[3] Only at this point did Rubio change course.
Third, the district court precluded the witness’s choice of whether to testify by indicating an expectation of self-incrimination. The judge warned Rubio several times that he might incriminate himself. Moreover, the district court explained to Rubio exactly how his testimony could be incriminatory and then appointed Rubio counsel. Although framed in detached language, the obvious inference is that the district court expected Rubio to implicate himself in a crime and wanted to prevent Rubio from doing so.
“The fact that [Rubio] was willing to come to court to testify in the [Appellant’s] behalf, refusing to do so only after the judge’s lengthy and intimidating warning, strongly suggests that the judge’s com *7 ments were the cause of [Rubio’s] refusal to testify.” Webb, 409 U.S. at 97, 93 S.Ct. 351. Therefore, the district court judge committed plain error by “exert[ing] such duress on the witness’ mind as to preclude him from making a free and voluntary choice whether or not to testify.” Id. at 98, 93 S.Ct. 351.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The government argues that Appellant either waived any objection or failed to preserve an objection to the warnings given. Defense counsel's actions do not reasonably amount to a waiver of the warnings which were actually given by the district judge.

. "Mr. Rubio, you have a privilege against self-incrimination.” ...
"As I said, you have a right not to answer that question.... You don't have to answer the question if you want to invoke your Fifth Amendment privilege.” ...
"Now, as I’ve explained to you, you don't have to answer if you don’t want to.... But if you answer, you should know that there's a prospect that you could be incriminating yourself, and the U.S. Attorney could charge you with a crime or with participation in a crime.” ...
"I want you to talk to a lawyer first ... [about] the concerns I've outlined for you that you might incriminate yourself.” ...

.The Court: Would you answer or would you refuse to answer?
Rubio: I'll answer.
The Court: You will? Well, Mr. Brown, I’m concerned that maybe I ought to have somebody come up and talk to this fellow, too.