**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BRANDON CLARK,

      Defendant - Appellant.

No. 06-2339

(D. New Mexico)

(D.C. No. CR-05-914-JB)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **EBEL**, and **O'BRIEN**, Circuit Judges.

Following a melee on the Navajo Reservation in New Mexico, Brandon

Clark was convicted on two counts of assault, in violation of 18 U.S.C.

§§ 113(a)(3), (a)(6) and 1153.  Clark appeals his convictions, arguing the

government violated his Fifth and Sixth Amendment rights to present a defense

when it advised the court it was contemplating charges against a defense witness

and recommended appointing an attorney for the witness before he testified.  We

exercise our jurisdiction pursuant to 28 U.S.C. § 1291.  Because Clark cannot

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

show the witness's testimony would have been material and favorable, we affirm his conviction.

## I.    Background

Clark was charged in a two-count indictment with assault resulting in a serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1153 and assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1153. The charges arose from a brawl on the Navajo Reservation, involving Clark and several other young adults and juveniles. Clark stabbed two victims during the fight.

Two weeks prior to Clark's trial, his counsel designated his minor brother, B.C., as a witness for the defense. On the morning of the first day of trial, the prosecution informed the district court that it had not ruled out charging B.C. with assault in this case. The prosecutor stated the government was acting on its "duty" to "make sure that the Court is made aware, that the defense is made aware, that the witness is made aware that there [are] potential charges that are still out there."[1] The government then asked the court to appoint an attorney to assist B.C. in determining whether he should exercise his Fifth Amendment rights.

---

[1]The government argues its basis for warning B.C. about a possible assault charge arose from B.C.'s actions during the altercation. At trial, Nicolia Blake testified that B.C. kicked her in the mouth during the brawl. Blake's examining physician testified that due to "some kind of blunt injury to the anterior face" she had lost a tooth and a portion of her anterior mandible was broken off.

Clark's attorney expressed her displeasure with the government's last-minute notice. She noted the unfairness of advising B.C., an important defense witness, that he may be charged while at the same time not administering the same warning to a government witness, Ron Henio. She acknowledged the district court did not have the power to force the government to charge Henio, but in comparing the two situations, pointed out that,

> Mr. Henio is a Government witness, and he's not being charged, nor is he apparently at any risk of being charged for discharging a firearm in the midst of a fight, by his own admission, at property and at a human being. . . .
>
> [B]ecause he is a Government witness . . . [he] gets apparent immunity for some horrendous acts, whereas at the very last moment one of my important witnesses is threatened with prosecution.

The district court appointed counsel for B.C. and he refused to testify. Following a jury trial, Clark was convicted on both counts.

## II. Discussion

On appeal, Clark argues the government's actions constituted improper coercion, violating his Fifth and Sixth Amendment rights to present a defense. This court reviews claims that the government violated a defendant's constitutional right to present a defense de novo. *United States v. Serrano*, 406 F.3d 1208, 1214 (10th Cir. 2005).

The right to present a defense "is essential to a fair trial." *Id.* "The Fifth . . . and Sixth Amendments concomitantly provide a criminal defendant the right

to present a defense by compelling the attendance, and presenting the testimony, of his own witnesses." *Id.* at 1215; *see also Washington v. Texas*, 388 U.S. 14, 19 (1967) (holding the right to present witnesses and establish a defense is "a fundamental element of due process of law"). The right to present a defense can be infringed if the court or the prosecution substantially interferes with a defense witness's decision to testify. *Webb v. Texas*, 409 U.S. 95, 97-98 (1972) (per curiam) (holding trial judge's "lengthy and intimidating warning" and "threatening remarks," causing defendant's only witness to invoke the Fifth Amendment, violated the Due Process Clause); *Serrano*, 406 F.3d at 1215-16 (applying *Webb* to the prosecution).

In determining whether "the government actor's interference with a witness's decision to testify was 'substantial,'" we have examined whether the witness was actively discouraged from testifying "through threats of prosecution, intimidation, or coercive badgering." *Id.* at 1216. Conducting a "case-by-case" analysis, we have taken into account factors such as (1) whether the witness consulted with an independent lawyer before refusing to testify; (2) the degree and kind of warning made to the witness; and (3) whether evidence shows the prosecutor acted in bad faith. *Id.*; *see also United States v. Smith*, 997 F.2d 674, 679-80 (10th Cir. 1993). Further, "a defendant must establish 'more than the mere absence of testimony.'" *Griffin v. Davies*, 929 F.2d 550, 553 (10th Cir. 1991) (quoting *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982)).

"There must be a plausible showing that an act by the government caused the loss or erosion of testimony that was both material and favorable to the defense." *Id.*

Clark argues the government failed to provide evidence that it had sufficient probable cause to indict B.C. at the time it advised him to consult an attorney, and thus the warning was given in bad faith and constitutes an unconstitutional threat. He also contends the government's disparate treatment of its own witness, Ron Henio, and B.C., proves it acted with bad faith. The government asserts it had probable cause to indict B.C. based on Nicolia Blake's testimony that B.C. kicked her in the mouth during the brawl. As Clark points out, however, this evidence was not before the court at the time the government advised B.C. to consult with a lawyer. *See Martin v. Kemp*, 760 F.2d 1244, 1248 (10th Cir. 1985) (explaining in the context of a plea negotiation that the government must have probable cause "at the time it made the threats" (emphasis omitted)).

Although probable cause is necessary before the government threatens a third party with prosecution in the context of plea negotiations, *United States v. Wright*, 43 F.3d 491, 498-500 (10th Cir. 1994), we have never extended this principle to the context of trial witnesses. We need not, however, resolve the role of probable cause in assessing bad faith. Nor must we determine whether the government's disparate treatment of Henio and B.C. evinces bad faith. Instead, we can affirm Clark's convictions based on the materiality requirement. Clark

cannot show that B.C.'s testimony would have been "material and favorable to the defense." *Griffin*, 929 F.2d at 553.  Rather, he asks us to infer materiality from B.C.'s voluntarily agreement to testify for Clark.  A plausible showing that the lost evidence would have been material and favorable,

> may be based upon agreed facts, and will be in the nature of a legal argument rather than a submission of additional facts.  In other cases the criminal defendant may advance additional facts, either consistent with facts already known to the court or accompanied by a reasonable explanation for their inconsistency with such facts, with a view to persuading the court that the testimony of a . . . witness would have been material and favorable to his defense.

*Valenzuela-Bernal*, 458 U.S. at 873.  Clark makes no proffer as to the substance of B.C.'s testimony.  Without such a proffer, Clark cannot prevail on his claim. *See e.g.*, *United States v. Caballero*, 277 F.3d 1235, 1242 (10th Cir. 2002) (explaining the "failure to show the materiality of . . . lost testimony" ends our analysis).

## III.    Conclusion

For the foregoing reasons, we **affirm** Clark's convictions.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge