**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CAROLE ANN RUCKER,<br><br>     Petitioner-Appellant,<br><br>     v.<br><br>MARY LATTIMORE, Warden Central California Women's Facility at Chowchilla, California,<br><br>     Respondent-Appellee. | No. 08-56652<br><br>D.C. No. 07-CV0364-IEG-RBB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Argued and Submitted February 10, 2010
Pasadena, California

Before:     THOMAS and SILVERMAN, Circuit Judges, and FOGEL, District

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Judge[**]

Petitioner-Appellant Carole Ann Rucker, a state prisoner, appeals the district court's denial of her habeas corpus petition. We review the district court's determination de novo. *Schell v. Witek*, 218 F.3d 1017, 1022 (9th Cir. 2000). The petition is subject to the deferential standards established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). We must determine whether the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States...." 28 U.S.C. § 2254(d)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The trial court did not violate Rucker's due process rights by failing to hold an evidentiary hearing after Rucker's counsel submitted a declaration by the jury foreperson, Bruce Robinson, alleging juror misconduct. "An evidentiary hearing is not mandated every time there is an allegation of jury misconduct or bias. Rather, in determining whether a hearing must be held, the court must consider the content of the allegations, the seriousness of the alleged misconduct or bias, and the credibility of the source." *United States v. Saya*, 247 F.3d 929, 934-35 (9th Cir. 2001). "In rare instances, credibility may be determined without an evidentiary

---

[**] The Honorable Jeremy Fogel, United States District Judge for the Northern District of California, sitting by designation.

2

hearing where it is possible to 'conclusively' decide the credibility question based on 'documentary testimony and evidence in the record.'" *Earp v. Ornoski*, 431 F.3d 1158, 1169-70 (9th Cir. 2005), citing *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1998). Based upon its observation of Robinson throughout the trial and jury deliberation process, the conflicting declarations of four other jury members, and Robinson's visits to Rucker in prison immediately prior to his submission of his declaration, the trial court reasonably determined that Robinson's allegations of juror misconduct lacked credibility.

Nor did the district court err in rejecting Rucker's claim that the trial court violated her right to due process by coercing Robinson not to testify. "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies...This right is a fundamental element of due process of law." *Webb v. Texas*, 409 U.S. 95, 98, 93 S.Ct. 351, 353, 34 L.Ed.2d 330 (1972), quoting *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). Rucker did not show that the trial court's actions were unreasonable. While it did assert that Robinson should be counseled as to his Fifth Amendment privilege and opined aloud that Robinson's behavior might constitute obstruction

3

of justice, the trial court made these statements outside Robinson's presence. *See contra Webb*, 409 U.S. at 98 (holding that "unnecessarily strong terms used by the judge could well have exerted such duress on the witness' mind as to preclude him from making a free and voluntary choice whether or not to testify"). Moreover, when Robinson invoked his Fifth Amendment privilege, he did so through his counsel. *See United States v. Jaeger*, 538 F.3d 1227, 1229-32 (9th Cir. 2008) (holding witness was not coerced into invoking Fifth Amendment privilege in part because the court provided the witness an opportunity to consult with counsel prior to deciding whether to testify).

The trial court did not violate Rucker's right to due process by allowing Robinson to invoke his Fifth Amendment privilege in a blanket fashion. We have held generally that "[a] proper application of [*Hoffman v. United States,* 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951)] requires that the Fifth Amendment claim be raised in response to specific questions...Thus a blanket refusal to answer any question is unacceptable." *United States v. Pierce*, 561 F.2d 735, 741 (9th Cir. 1997). However, "[i]n *United States v. Tsui*, 646 F.2d 365 367-68 (9th Cir. 1981), we found 'an exception to...*Pierce*...[where,] based on its knowledge of the case and of the testimony expected from the witness, [the trial court] can conclude that the witness could 'legitimately refuse to answer essentially all relevant questions.'"

4

*United States v. Moore*, 682 F.2d 853, 856 (9th Cir. 1982), quoting *United States v. Goodwin,* 625 F.2d 693, 701 (5th Cir. 1980). "This exception, however, is a narrow one, only applicable where the trial judge has some special or extensive knowledge of the case that allows evaluation of the claimed fifth amendment privilege even in the absence of specific questions to the witness." *Id.*

The trial court was intimately familiar with the case and with Robinson's potential testimony. In fact, at an earlier hearing on Rucker's motion for a new trial, after reviewing the declaration submitted by Robinson that would form the basis of his proffered testimony, the trial court itself noted that Robinson risked self-incrimination. Accordingly, the trial court's determination that the privilege applied to the entirety of Robinson's testimony falls within the exception articulated in *Moore* and was not contrary to law.

The district court did not err in rejecting Rucker's claim that her constitutional rights were violated when during jury deliberation jurors nine and two discussed their personal experiences as victims of sexual assault. "A juror's past personal experiences may be an appropriate part of the jury's deliberations." *Grotemeyer v. Hickman*, 393 F.3d 871, 879 (9th Cir. 2004); *see id.* at 880 (holding that "[i]t is probably impossible for a person who has highly relevant experience to evaluate the credibility of witnesses without that experience bearing on the

evaluation. Were we to require the impossible and prohibit jurors from relying on relevant, past personal experience, about all we would accomplish would be to induce jurors to lie about it when questioned afterward...").

Finally, the district court did not err in rejecting Rucker's claim that the trial court's use of CALJIC 2.50.02 violated her right to due process because it allowed the jury to find her guilty of the attempted murder of Hubert Watson if it found by a preponderance of the evidence that she had harassed and pointed a loaded gun at her ex-boyfriend, David Yu. "A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." *Francis v. Franklin*, 471 U.S. 307, 314-15, 105 S.Ct. 1965, 1971, 85 L.Ed.2d 344 (1985), citing *Ulster County Court v. Allen*, 442 U.S. 140, 157-163, 99 S.Ct. 2213, 2224-2227, 60 L.Ed.2d 777 (1979). In this instance, the evidence showed that Rucker: (1) had been dating Watson and Yu for an extended period of time when the respective relationships ended against her wishes; (2) stalked both victims (Yu for approximately two years and Watson immediately prior to the attempted murder); (3) carried a handgun to the home of both Yu and Watson; and (4) pointed a loaded handgun at both men. The suggested conclusion is "one that reason and common sense justify in light of the proven facts before the jury." *Id.*

**AFFIRMED.**