BONIN, J.,
concurs in part, dissents in part and assigns reasons.
hi respectfully concur in affirming the conviction and sentence of Mr. Rubens. I dissent, however, from the majority’s general treatment concerning the defendant’s claim that the prosecution improperly interfered with his Sixth Amendment right to call as a witness, Diana Hoover, whom he had subpoenaed for trial and whom he expected to be favorable to his defense, as well as from the majority’s specific decision to render judgment on a claim of ineffective assistance of counsel rather than to defer the issue to post-conviction proceedings.
From the exchange among the prosecutor, defense counsel, and trial judge, it is clear that Ms. Hoover had been subpoenaed as a witness by the defense, that she was physically present at court for the trial, that the prosecutor cautioned her about the possible penalty for perjured testimony, that the defense counsel reported to the trial judge that Ms. Hoover felt threatened by such monition, and that as a result she was refusing to testify as a witness for the defense. It is also clear that despite multiple requests by the defense counsel to the trial judge, she refused to conduct an evidentiary hearing so that the defense could substantiate its allegations.
The trial court noted that, if the defense chose to call Ms. Hoover as a witness, it would compel Ms. Hoover’s testimony and would appoint independent counsel for her. The defense counsel requested that he proffer Ms. Hoover’s ^testimony to the court, which the trial judge refused. The record on review, then, is devoid of the content of Ms. Hoover’s expected testimony either before or after the prosecutor cautioned her.
“Few rights are more fundamental than that of an accused to present witnesses in his own defense.” Chambers v. Mississippi, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). The Sixth Amendment preserves the right of the defendant “to have compulsory process for obtaining witnesses in his favor.” Washington v. Texas, 388 U.S. 14, 18, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). “The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant’s version of the facts as well as the prosecution’s to the jury so it may decide where the truth lies.” Id. at 19. “Just as an accused has the right to confront the prosecution’s witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense.” Id. “This right is a fundamental element of due process of law.” Id. See also Webb v. Texas, 409 U.S. 95, 98, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972).
In order to enjoy this constitutional protection, a defendant is entitled to “establish his defense without fear of retaliation against the witness by the government.” United States v. Dupre, 117 F.3d 810, 823 (C.A.5 1997). Thus, “substantial governmental interference with a defense witness’ choice to testify may violate the due process rights of the defendant.” Id. (quoting United States v. Whittington, 783 F.2d 1210, 1219 (C.A.5 1986)). Moreover, “the Fifth Amendment protects the defendant from improper governmental interference with his defense.” United States v. *70 Bieganowski, 313 F.3d 264, 291 (C.A.5 2002).
But “[i]t is not improper per se for a trial court judge or prosecuting attorney to advise prospective witnesses of the penalties for testifying falsely.” United States v. Blackwell, 694 F.2d 1325, 1334 (C.A.D.C.1982). “But warnings concerning the dangers of perjury cannot be emphasized to the point where they | .-¡threaten and intimidate the witness into refusing to testify.” Id. And, of course, we recognize that a witness may prudently decide not to testify as originally intended after being advised or reminded of the criminal ramifications of committing perjury. See, e.g., United States v. Nunn, 525 F.2d 958, 960 (C.A.5 1976).
In my view it cannot be determined on the basis of the record at trial whether the prosecutor’s warning to Ms. Hoover constituted improper interference with Mr. Rubens’ defense or whether, as the prosecution argues, the issue was strategically created by the defense counsel because he did not really want Ms. Hoover as a witness. Further, even if it could be determined that the prosecutor improperly interfered with the defense, the record gives no hint whatsoever of Ms. Hoover’s expected testimony.
For those reasons, I would reserve to the defendant the right to pursue in post-conviction proceedings the claim that his counsel’s performance was ineffective under the Strickland test. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1964). The trial record is simply insufficient to categorically decide this very important issue. But in all other respects I join the majority’s opinion.