[Cite as *State v. Harrison*, 2016-Ohio-7579.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-150642 |
| | | C-150643 |
| Plaintiff-Appellee, | : | C-150645 |
| | | TRIAL NOS. 14CRB-28913 |
| vs. | : | 14CRB-28917 |
| | | 14CRB-28919 |
| ROBERT HARRISON, | : | |
| Defendant-Appellant. | : | *O P I N I O N.* |


Criminal Appeals From: Hamilton County Municipal Court

Judgments Appealed From Are: Affirmed

Date of Judgment Entry on Appeal: November 2, 2016


*Paula Boggs Muething*, City Solicitor, *Natalia Harris*, City Prosecutor, and *Heidi Rosales*, Senior Assistant City Prosecutor, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Marguerite Slagle*, Assistant Public Defender, for Defendant-Appellant.

**S**YLVIA **S**IEVE **H**ENDON, **Presiding Judge.**

{¶1}    Following a jury trial, Robert Harrison was convicted of assaulting three women.  In this appeal, he argues that the trial court interfered with his right to present a defense when it warned a defense witness against perjuring herself.  However, we conclude that no deprivation of due process occurred because the court's perjury admonition was not so intimidating that it prevented the witness from testifying in Harrison's behalf.  We affirm the judgment of the trial court.

{¶2}    Harrison and his girlfriend, Jean Gaines, had both been charged with assault, stemming from the same incident.  Gaines had been tried first.  She had testified at her own trial and had been acquitted.

{¶3}    At Harrison's trial, before Gaines was called to testify for the defense, the court advised her outside of the jury's presence:

> If it's proven that you testified untruthfully in this proceeding, or testified untruthfully in another proceeding in which you were under oath, the possibility [is] that you could be charged with perjury.  Perjury is a criminal offense for which there is a possibility of jail time and I just need to advise you of that.
>
> If you want to talk to counsel before testifying in that regard, we can make an attorney available from the public defender's office.  That is completely your decision, though, okay.
>
> So I just want to make sure that you understand the consequences really for your own benefit.  Do you understand that?

{¶4} Gaines requested an attorney, and the court obtained a public defender for her. Then, after consulting with counsel, Gaines testified for the defense.

{¶5} At the conclusion of the trial, Harrison was convicted and sentenced accordingly. On appeal, he argues in a single assignment of error that the trial court erred by giving a perjury admonition to Gaines. He contends that, by doing so, the court substantially interfered with her testimony, in violation of his right to due process.

{¶6} Due process guarantees a criminal defendant the right to establish a defense by presenting his own witnesses. *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). Merely warning a defense witness of the consequences of perjury does not, in and of itself, violate a defendant's due-process rights. *See United States v. Pierce*, 62 F.3d 818, 832 (6th Cir.1995). But a defendant's rights may be violated by unnecessarily strong admonitions against perjury that are aimed at discouraging defense witnesses from testifying. *Id.*; *Webb v. Texas*, 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972). To establish such a violation, the defendant must show that the admonition substantially interfered with the witness's free and voluntary choice to testify. *Pierce* at 833; *United States v. Foster*, 128 F.3d 949, 953 (6th Cir.1997).

{¶7} In this case, Harrison has failed to demonstrate that the trial court's perjury admonition interfered with Gaines' free and voluntary choice to testify. The warning itself was not so strong that it "reache[d] the level of intimidation." *See State v. Halley*, 93 Ohio App.3d 71, 79, 637 N.E.2d 937 (10th Dist.1994). On the contrary, even after the admonition, Gaines chose to testify in Harrison's defense.

Moreover, the court's provision of counsel for Gaines ensured that her decision to testify had been "made voluntarily, in her own interest, rather than being the product of judicial coercion." *See United States v. Santiago-Becerril*, 130 F.3d 11, 24 (1st Cir.1997). Consequently, we hold that Harrison's due-process right to present a witness in his own defense was not compromised by the trial court's perjury admonition. Accordingly, we overrule the sole assignment of error and affirm the trial court's judgments.

Judgments affirmed.

**CUNNINGHAM** and **STAUTBERG, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.