**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 8 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRIVONNE JAY BARNETT, | No.   17-35103 |
| Petitioner-Appellant, | D.C. No. 6:14-cv-01471-YY |
| v. | |
| JEFF PREMO, Superintendent, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted May 8, 2018
Portland, Oregon

Before:  RAWLINSON and NGUYEN, Circuit Judges, and GARBIS,[**] District Judge.

At Appellant Trivonne Barnett's state trial for attempted murder and

firearms charges, the prosecutor stated to the trial judge that he would "get to"

charge a state's witness with perjury if the witness provided testimony that was

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Marvin J. Garbis, United States District Judge for the District of Maryland, sitting by designation.

different from that given at the witness's second appearance before the grand jury. Appellant contends that this state's witness's testimony would have been favorable to the defense on cross-examination, and that the prosecutor's statement and the ensuing lengthy colloquy between the prosecutor and the trial judge caused the state's witness to invoke the Fifth Amendment.

After conviction and state court appeals, Appellant filed a federal petition for a writ of habeas corpus, arguing that his due process rights to present his defense were violated under *Webb v. Texas*, 409 U.S. 95 (1972). The district court accepted the magistrate judge's Findings and Recommendation and denied his petition, but issued a certificate of appealability regarding the issue of prosecutorial misconduct under *Webb*.

We affirm. The record in this case does not justify reversal. *Webb* did not "clearly establish[]" that a defendant's due process rights are violated when a prosecutor's threat of perjury charges causes a *state's* witness to refuse to testify. 28 U.S.C. § 2254(d)(1); *see United States v. Juan*, 704 F.3d 1137, 1141 (9th Cir. 2013). Rather, the Supreme Court in *Webb* reversed the petitioner's conviction because the trial judge's threatening remarks about perjury were "directed only at the single witness for the defense" and "effectively drove that [defense] witness off the stand." *Webb*, 409 U.S. at 98; *see also Earp v. Ornoski*, 431 F.3d 1158, 1170 (9th Cir. 2005) ("It is well established that 'substantial government interference

2

with a defense witness's free and unhampered choice to testify amounts to a violation of due process.'").

**AFFIRMED.**