No. 491 June 3, 2026 291

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEXANDRE GRIMAUD,
aka Alexandre Grimauld,
*Defendant-Appellant.*

Umatilla County Circuit Court
23CR15919; A183907

Jon S. Lieuallen, Judge.

Submitted November 25, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Robert C. Hansler, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

During his probation violation hearing, the trial court told defendant that he had a right to remain silent and warned that his testimony could be used against him in another pending case. Defendant did not object to the trial court's comments and did not testify. The trial court ultimately found him in violation of his probation for failing to obey all laws. On appeal of the resulting probation violation judgment, his sole contention is that the trial court plainly violated his due process rights under the Fourteenth Amendment to the United States Constitution by warning him about the potential consequences of testifying. Defendant failed to preserve his argument, so we may review only for plain error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991). Because the trial court's statements did not obviously violate defendant's Fourteenth Amendment due process rights, we affirm.

A trial court violates a defendant's due process rights when it makes "threatening remarks" toward a defense witness that "effectively dr[i]ve that witness off the stand." *Webb v. Texas*, 409 US 95, 98, 93 S Ct 351, 34 L Ed 2d 330 (1972); *see also F. C. L. v. Agustin*, 271 Or App 149, 156-57, 350 P3d 482 (2015) (citing *Webb* for the proposition that "due process precludes a trial court from infringing on a criminal defendant's Sixth Amendment right to present defense witnesses by delivering admonitions regarding the risks of testifying falsely in 'unnecessarily strong terms'"). The trial court made no such remarks here and therefore did not plainly err in its admonishment to defendant.

First, the trial court's statements here did not obviously amount to "threatening remarks" under the Fourteenth Amendment. The court made the statements in question after the state rested its case, when defendant's counsel asked defendant whether he wanted to testify. Before defendant answered, the trial court advised him that he had the right to remain silent and that his testimony could be used against him in his other pending criminal case:

> "THE COURT:  And just to be a little clearer, you have that—these are pending charges in another case.

"[DEFENSE COUNSEL]: Yes.

"THE COURT: If you testify, it could be used against you.

"[DEFENSE COUNSEL]: Yes.

"THE COURT: You're being recorded.

"[DEFENSE COUNSEL]: Yes.

"THE COURT: You have the right to remain silent, you have an attorney appointed. Just want to make sure that you generally understand, and if you want to clarify anything else, but you have pending charges regarding these. This is just a Probation Violation. This is preponderance of the evidence, it's not beyond a reasonable doubt for the conviction, violation just can be found on the preponderance of the evidence, so. [Defense counsel], anything else on that?"

Defense counsel then suggested that he, too, would advise defendant not to testify. The court then asked defendant if he would "like to testify," and defendant declined.

The trial court's comments here appear to be readily distinguishable from those that the United States Supreme Court and this court have held to violate due process under the Fourteenth Amendment; certainly, they are not plainly erroneous under those cases. *See Webb*, 409 US at 95-98 (noting that the trial court did not merely warn the witness "of his right to refuse to testify and of the necessity to tell the truth" but went further by insinuating that it expected the witness to lie and threatening severe consequences if he did and thereby deprived him of due process); *Augustin*, 271 Or App at 155-59 (the trial court's admonition to the defendant that he would face harsher penalties if he decided to testify and its insinuation that the court thought he would lie plainly violated his right to testify under the Fourteenth Amendment). It is not obvious and beyond reasonable dispute that the trial court here violated defendant's Fourteenth Amendment due process rights by advising him about the potential consequences of testifying.

Affirmed.