**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 8, 2013

Lyle W. Cayce
Clerk

No. 11-30965

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REGINALD L. SPEARS, also known as RLS Ar Abdul Aziz,

Defendant-Appellant

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CR-19-1

ON PETITION FOR PANEL REHEARING

Before DAVIS, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

The original opinion in this case was issued by the panel on September 4, 2013. We GRANT the petition for rehearing in part and DENY in part. We withdraw our previous opinion and substitute the following.

In 2004, Reginald L. Spears ("Spears") was arrested for possession with intent to distribute five grams or more of a substance containing cocaine base, and was subsequently convicted and sentenced to 360 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*See* 21 U.S.C. § 841(a)(1). Now appealing his conviction and sentence, Spears contends that the district court (1) erred by admitting evidence concerning his later admission that he had trafficked cocaine *after* his arrest; (2) violated Spears's right to defend himself by pressuring him to waive a defense; (3) erred by failing to suppress evidence of the drugs in Spears's possession at the time of his arrest; and (4) should be required to resentence Spears under the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.

## I.

Spears argues first that the district court erred by admitting evidence of a 2009 statement by Spears, in which he admitted distributing substantial quantities of cocaine following his arrest for the charged offense. Specifically, Spears asserts that the government failed to give timely notice of its intent to use the statement, and alternatively, that the evidence was irrelevant. At trial, Spears failed to object to the alleged untimely notice. Because the record reflects some awareness by Spears that the government intended to use the statement, and the other evidence against Spears was substantial, we cannot say that any error affected his substantial rights. *See* FED. R. EVID. 404(b); *United States v. Cervantes*, 706 F.3d 603, 616 (5th Cir. 2013). Moreover, we cannot say that the district court abused its discretion by finding the evidence of Spears's subsequent drug-dealing activities was relevant. Spears disputed that he intended to distribute drugs, and so evidence of subsequent involvement in drug distribution was relevant to that intent and was not inherently prejudicial. *See United States v. Moody*, 564 F.3d 754, 763–64 (5th Cir. 2009); *United States v. Pompa*, 434 F.3d 800, 805 (5th Cir. 2005).

Spears next argues that the district court violated his right to defend himself by pressuring him to waive his objection to the 2009 statement, on grounds that the statement was involuntary and coerced. However, the record reflects that Spears made a deliberate, informed decision, with the advice of standby counsel. *See Webb v. Texas*, 409 U.S. 95, 98 (1972); *United States v.*

*Dupre*, 117 F.3d 810, 823 (5th Cir. 1997). Additionally, the record establishes that the court repeatedly urged Spears to consult standby counsel and that its overwhelming concern was that Spears not take positions that would prejudice him before the jury.[1] Consequently, Spears waived his right to oppose the Government's use of his admission to post-offense cocaine trafficking. *See United States v. Olano*, 507 U.S. 725, 733 (2003).

Spears also argues that the evidence of the drugs seized from him at the time he was stopped by police should have been suppressed as the fruit of an unconstitutional search.[2] According to Spears, the search which revealed the crack cocaine in his pocket was prompted by (1) an unconstitutional pat-down of his person after already being in custody for several minutes, and (2) a false assertion that the searching officer felt a pocketknife in Spears's pocket. But, as the district court explained to Spears, the pat-down search of a suspect

---

[1] The court's remarks were much closer to a truthful warning than to highly intimidating or obviously threatening statements. *See United States v. Gloria*, 494 F.2d 477, 485 (5th Cir. 1974) (no error where the judge and the prosecutor "merely advised [the witness] of the possibility of prosecution if his testimony materially differed from his prior plea"). Furthermore, the court reminded Spears that its voir dire of prospective jurors had not included questions about Muslims or Homeland Security because the parties had agreed not to bring up those matters.

[2] On appeal from a ruling on a motion to suppress, this court reviews factual determinations for clear error and legal conclusions, such as determinations of reasonable suspicion, de novo. *United States v. Gonzalez*, 328 F.3d 755, 758 (5th Cir. 2003). Because the district court ruled based on live testimony, the court's factual findings must be accepted "unless clearly erroneous or influenced by an incorrect view of the law." *United States v. Outlaw*, 319 F.3d 701, 704 (5th Cir. 2003). Spears contends that the district court erroneously believed that it was required to accept the police officer's testimony that Spears had a knife absent defense evidence disputing it. Spears points to certain statements the district court made that, when read in isolation, tend to support his contention. Of course, a "trier of fact need not credit any witness'[s] testimony, even if unimpeached." *United States v. Samples*, 897 F.2d 193, 198 (5th Cir. 1990). Our reading of the record does not convince us that the district court misapplied the law. Spears filed a motion for reconsideration of the order denying suppression of the knife, and the district court stated during a hearing that "all the arguments about the officer seem to me to deal with his credibility." Thus, the district court correctly recognized that the suppression ruling depended upon a determination of the officer's credibility. Under those circumstances, we are not persuaded that the district court's ruling was influenced by an incorrect view of the law.

running from police in a high-crime area is legitimate as a matter of law. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000). The fact that a suspect is in custody for several minutes before the search does not negate the danger potentially posed by hidden weapons or the reasonable suspicion to which the officers are otherwise entitled. *See id.* Second, the fact that Spears challenged the unsupported testimony of a police officer does not require its suppression. Because the witness was competent and the testimony was not inherently incredible, it was the prerogative of the court to evaluate it. *See United States v. Green*, 180 F.3d 216, 221–22 (5th Cir. 1999) (internal quotation marks and citations omitted).

Finally, Spears argues that he is entitled to be resentenced under the Fair Sentencing Act of 2010. As the government concedes, the Supreme Court's intervening decision in *Dorsey v. United States* entitles Spears to be resentenced under the lower penalty provisions of the Fair Sentencing Act. 132 S. Ct. 2321, 2329-35 (2012).

## II.

For the reasons stated above, the appellant's conviction is AFFIRMED, the sentence is VACATED, and the case is REMANDED for resentencing consistent with *Dorsey*, 132 S. Ct. at 2329-35.