# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2022

Lyle W. Cayce
Clerk

No. 20-30312
consolidated with
No. 20-30527

United States of America,

*Plaintiff—Appellee*,

*versus*

Reginald L. Spears,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CR-19-1

Before Stewart, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Reginald L. Spears, federal prisoner # 02438-095, was convicted of possession with intent to distribute five grams or more of cocaine base and sentenced to 262 months of imprisonment and six years of supervised

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30312
c/w No. 20-30527

release. *United States v. Spears*, 552 F. App'x 292, 292-94 (5th Cir. 2013). He moves for a certificate of appealability (COA) and challenges the district court's denial of his Federal Rule of Civil Procedure 60(d)(3) motion alleging fraud on the court by counsel and the prosecutor in his underlying criminal proceeding; his Federal Rule of Civil Procedure 59(e) motion seeking relief of the order denying the Rule 60(d) motion; his Federal Rule of Civil Procedure 60(b)(6) motion reurging ineffective assistance of counsel claims raised in his initial § 2255 proceedings and asserting the district court should have held an evidentiary hearing; and his motion for recusal. He also argues this court misapplied the COA standard when it denied his COA motion to appeal the denial of his 28 U.S.C. § 2255 motion.

To obtain a COA, he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Where the district court denies a § 2255 motion on procedural grounds without reaching the underlying constitutional claims, a COA should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). With respect to the denial of relief under Rule 60, the movant must show that "a reasonable jurist could conclude that the District Court abused its discretion in declining to reopen the judgment." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017).

Reasonable jurists would not debate that the reurged ineffective assistance of counsel claims Spears raised in his Rule 60(b)(6) motion and the claim of fraud raised in his Rule 60(d)(3) motion were or could have been raised in his initial § 2255 motion and thus were successive. Nor would they debate that his challenge to this court's prior application of the COA

No. 20-30312
c/w No. 20-30527

standard is not cognizable and, in any case, would be successive. Accordingly, his COA motion is DENIED as to his Rule 60(b)(6) and Rule 60(d)(3) motions as well as to the Rule 59(e) motion to reconsider the Rule 60(d)(3) denial.

Spears does not need a COA to challenge the denial of the motion to recuse. However, he has not shown that the district court abused its discretion in denying his motion for recusal. *See United States v. Scroggins*, 485 F.3d 824, 829 (5th Cir. 2007). The denial of the recusals motion is AFFIRMED. *See Trevino v. Johnson*, 168 F.3d 173, 177-78 (5th Cir. 1999).

Spears likewise does not require a COA to challenge the denial of an evidentiary hearing, but because he fails to make the required showing for a COA on his claims, we do not reach whether the district court erred by denying an evidentiary hearing. *See United States v. Davis*, 971 F.3d 524, 534-35 (5th Cir. 2020), *cert. denied*, 142 S. Ct. 122 (2021). Spears's motion for leave to proceed in forma pauperis on appeal is also DENIED.