FILED
United States Court of Appeals
Tenth Circuit

February 5, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LAMAR ATU BLACKWELL,

     Petitioner - Appellant,

v.

MATTHEW HANSEN; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents - Appellees.

No. 17-1266
(D.C. No. 1:17-CV-00625-WJM)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BALDOCK**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

Lamar Atu Blackwell seeks a certificate of appealability (COA) allowing him to

appeal the district court's order denying habeas relief.  But Blackwell has not shown

reasonable jurists could debate the district court's ruling, so we deny a COA and dismiss

his appeal.

**I. Background**

After leaving a nightclub, Blackwell and fellow gang member C.W. followed a

rival gang member to his car and shot him several times at close range.  The two fled in

Blackwell's car and soon found themselves in a high-speed chase that ended with

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Blackwell crashing into a police car. A Colorado jury convicted Blackwell of first degree murder and vehicular eluding. The trial court convicted him of two habitual criminal counts and sentenced Blackwell to life in prison plus 18 years.

The Colorado Court of Appeals (CCA) affirmed Blackwell's convictions on direct appeal, and both the Colorado Supreme Court and United States Supreme Court denied certiorari. Blackwell then sought postconviction relief, but the trial court denied his motion, the CCA affirmed, and the Colorado Supreme Court denied certiorari. This led Blackwell to federal court, where he petitioned for habeas relief under 28 U.S.C. § 2254. The district court denied relief and Blackwell timely appealed.[1]

## II. Relevant Law

To appeal the district court's order denying habeas relief, Blackwell must first obtain a COA. 28 U.S.C. § 2253(c)(1)(A). This requires him to make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Because the district court rejected Blackwell's claims on the merits, he must show "reasonable jurists would find

---

[1] Blackwell's notice of appeal is timely under the prisoner mailbox rule. A habeas petitioner's notice of appeal must generally be filed within 30 days after judgment enters. *See* Fed. R. App. P. 4(a)(1)(A); Rule 11(b), Rules Governing § 2254 Cases. But for an inmate confined to an institution, "the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and" includes a sworn declaration "setting out the date of deposit and stating that first-class postage is being prepaid." Fed. R. App. P. 4(c)(1)(A)(i). Blackwell deposited his notice in the prison mail system exactly 30 days after the June 27, 2017, judgment. *See* R. at 420 (reflecting a "Restricted Inspection Mail Stamp" dated July 27, 2017). And his notice includes a declaration "under penalty of perjury that on July 27, 2017," Blackwell served the notice "through United States mail, first class with postage prepaid." *Id*. at 419. His notice is therefore timely under Fed. R. App. P. 4(c)(1)(A)(i).

the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) required the district court to deny habeas relief unless Blackwell showed the CCA's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d).[2]

### III. Analysis

Blackwell requests a COA on three claims: (1) the prosecutor violated due process by interfering with a defense witness' decision whether to testify; (2) his trial attorneys were ineffective because they failed to adequately investigate certain witnesses; and (3) the state court violated due process by denying his motion for postconviction relief based on newly discovered evidence without a hearing. Because reasonable jurists could not debate the district court's assessment of these claims, we deny a COA and dismiss this appeal.

### A. Interference With Defense Witness

Blackwell subpoenaed J.N. to testify about an alleged confession C.W. made while he and J.N. were cellmates. J.N. told police C.W. confessed to killing the victim

---

[2] There is no dispute that the CCA denied Blackwell's claims on the merits, so the district court was required to apply AEDPA's deferential standard of review. *See* § 2254(d); *Hanson v. Sherrod*, 797 F.3d 810, 843 (10th Cir. 2015) ("Where the state court has adjudicated [the petitioner's claim] on the merits, we apply AEDPA's deferential standard of review.").

and said he blamed a codefendant (presumably Blackwell) in exchange for a plea bargain. But J.N. was reluctant to testify. He told Blackwell's attorney he would not testify and told the prosecutor he planned to invoke his Fifth Amendment right to remain silent.

There were reasons to question J.N.'s account. J.N. sought leniency in his own cases and his description of C.W.'s statements contained several inaccuracies. At the prosecutor's suggestion, the trial court appointed independent counsel to represent J.N. Outside J.N.'s presence, the prosecutor told "J.N.'s counsel that, in his opinion, J.N. had a legitimate Fifth Amendment privilege because he had lied to detectives and could be charged with perjury or false reporting if he testified." *People v. Blackwell*, 251 P.3d 468, 472, 473 (Colo. Ct. App. 2010). J.N.'s attorney agreed and advised J.N. not to testify. When Blackwell called J.N. as a witness, "he invoked the Fifth Amendment and refused to testify." *Id.*

The CCA rejected Blackwell's argument that the prosecutor violated due process. It reasoned that (1) "the prosecutor merely advised J.N.'s counsel that he could be prosecuted for perjury," which was "not per se improper"; (2) there was no indication "the prosecutor raised the issue at an inappropriate time, used inappropriate language, or attempted to badger J.N. into refusing to testify"; (3) "the prosecutor acted properly by requesting that the court appoint independent counsel to advise J.N."; (4) "J.N.'s attorney believed J.N. had a legitimate basis for invoking his Fifth Amendment privilege and advised his client not to testify"; (5) "the prosecutor did not warn J.N. about criminal charges before he had counsel and then only warned counsel outside J.N.'s presence"; (6) "J.N. had repeatedly indicated that he would invoke his Fifth Amendment privilege

4

before the prosecutor warned him about potential criminal liability"; (7) "the inaccuracies in J.N.'s statement and his attempt to procure leniency in his pending felony cases furnished the prosecutor with a legitimate basis for believing that he had fabricated the alleged confession"; and (8) "the totality of the circumstances indicate[d] that J.N. was not coerced into refusing to testify." *Id.* at 473-74.

Blackwell suggests the CCA unreasonably applied the Supreme Court's decision in *Webb v. Texas*, 409 U.S. 95 (1972). In that case, a trial judge gave the defendant's only witness "a lengthy admonition on the dangers of perjury." *Webb*, 409 U.S. at 97. "[T]he judge implied that he expected [the witness] to lie, and went on to assure him that if he lied, he would be prosecuted and probably convicted for perjury, that the sentence for that conviction would be added on to his present sentence, and that the result would be to impair his chances for parole." *Id.* The witness, who had been willing "to testify in the petitioner's behalf, refus[ed] to do so only after the judge's lengthy and intimidating warning." *Id.* The Supreme Court concluded "the judge's threatening remarks . . . effectively drove th[e] witness off the stand, and thus deprived the petitioner of due process of law under the Fourteenth Amendment." *Id.* at 98.

The district court concluded *Webb* did not provide clearly established law governing a prosecutor's (as opposed to a judge's) interference with a defense witness' decision whether to testify. But even if it did, the district court concluded the CCA reasonably applied *Webb*.

To satisfy § 2254(d)(1)'s "unreasonable application" clause, Blackwell must show the CCA's application of Supreme Court precedent was objectively unreasonable.

5

*Virginia v. LeBlanc*, 137 S. Ct. 1726, 1728 (2017). This requires showing "the [CCA's] ruling was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. (ellipsis and internal quotation marks omitted).

This case is easily distinguishable from *Webb*. The prosecutor's statement to J.N.'s attorney—outside J.N.'s presence—that he believed J.N. had a legitimate Fifth Amendment privilege bears little resemblance to the judge's threatening comments in *Webb*. And unlike the witness in *Webb*, J.N. repeatedly expressed his intent not to testify before the prosecutor's conversation with his attorney. For these reasons, reasonable jurists could not debate the district court's conclusion that the CCA reasonably applied the Supreme Court's holding in *Webb*. We therefore deny a COA on this claim.

### B. Ineffective Assistance

Blackwell claims his trial attorneys were ineffective because they failed to adequately investigate certain witnesses. To prevail on an ineffective assistance claim, a petitioner must show his attorneys' performance was deficient and he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To be constitutionally deficient, an attorney's performance must be objectively unreasonable. *Id*. at 687-88. And any deficiency is prejudicial only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

On habeas review, the question is not whether the *Strickland* test is satisfied, but "whether the state court's application of the *Strickland* standard was unreasonable."

6

*Harrington v. Richter*, 562 U.S. 86, 101 (2011). If "fairminded jurists could disagree on the correctness of the state court's decision," habeas relief is inappropriate. *Id*. (internal quotation marks omitted).

The CCA concluded Blackwell failed to establish either prong of the *Strickland* test. It found his attorneys were not deficient because the witnesses Blackwell claimed they should have interviewed "could have provided only tangential testimony, and it was well within counsel's range of reasonable professional judgment not to investigate them further." R. at 298. The CCA also found Blackwell failed to prove prejudice because the evidence of his guilt was overwhelming. Specifically, the CCA cited evidence that (1) four eyewitnesses testified Blackwell shot the victim at point-blank range; (2) Blackwell fled the scene and tried to elude police; (3) an off-duty police officer identified Blackwell as one of the men he chased from the scene; (4) the murder weapon was recovered from a trash can along the route Blackwell took when fleeing the scene; and (5) Blackwell's glove had gunshot residue.

The district court concluded the CCA reasonably applied *Strickland* and denied habeas relief. First, it found Blackwell had not shown his attorneys' investigation-related decisions were objectively unreasonable. Second, the district court reviewed the evidence of Blackwell's guilt and concluded the CCA's determination that he failed to establish prejudice "did not run afoul of *Strickland*." *Id*. at 414.

Blackwell challenges the first part of the district court's analysis, but not the second. He does not argue the CCA unreasonably applied *Strickland* by finding the overwhelming evidence of his guilt precluded Blackwell from establishing prejudice.

7

Because this is reason enough to deny habeas relief, *see Turrentine v. Mullin*, 390 F.3d 1181, 1208-09 (10th Cir. 2004) (denying habeas relief when the record revealed overwhelming evidence of the petitioner's guilt and, therefore, the petitioner failed to show prejudice under *Strickland*), Blackwell has not shown reasonable jurists could debate the district court's decision. We therefore deny a COA on Blackwell's ineffective assistance claim.

### C. Evidentiary Hearing

Blackwell claims the state court violated due process by denying his motion for postconviction relief based on newly discovered evidence without a hearing. The district court rejected this argument, concluding Blackwell's constitutional challenge to the state's postconviction remedy was not a cognizable habeas claim.

Reasonable jurists could not debate this conclusion. As the district court recognized, a claim of constitutional error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration . . . states no cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998). We therefore deny a COA on this claim as well.

### IV. Conclusion

We deny Blackwell's request for a COA and dismiss this appeal. Nonetheless, we grant his request to proceed without prepayment of fees. *See Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (granting the petitioner's request to proceed in forma pauperis despite denying a COA and dismissing his appeal). Because 28 U.S.C. § 1915(a)(1) allows us to excuse only *prepayment* of fees, we remind Blackwell that he remains

8

obligated to pay all filing and docketing fees to the Clerk of the District Court for the

District of Colorado.

Entered for the Court


Bobby R. Baldock
Circuit Judge